IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT TROHA and FREDERICK BIGNALL, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Electronically Filed 08/25/05 |
| v. | ) Civil Action No. 05-191 E |
| THE UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

<u>ANSWER</u>

Pursuant to Fed. R. Civ. P. 7(a), 8(b) and 12, Defendant, the United States of America, answers the allegations in the numbered paragraphs of Plaintiffs' Class Action Complaint ("Complaint") as follows:

1. Defendant admits that 28 U.S.C. § 1346(a)(2) confers jurisdiction on this Court to hear claims against the United States, not exceeding $10,000 in amount, founded upon the Constitution.

2. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 2 and, on that basis, denies those allegations. However, based on the factual allegations contained in the Complaint, venue appears to be proper under 28 U.S.C. § 1402(a)(1) or under 28 U.S.C. § 1403.

3. Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 3 and, on that basis, denies those allegations.

4.      Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 4 and, on that basis, denies those allegations.

5.      Defendant admits the allegations in paragraph 5.

6.      Defendant lacks knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 6 and, on that basis, denies those allegations.

7.      Defendant admits that the Philadelphia and Erie Railroad Company became part of the Pennsylvania Railroad Company in the early 1900's, but denies that this merger occurred in 1903.  Defendant admits the allegations in the second sentence of paragraph 7.

8.      Defendant admits the allegations in paragraph 8.

9.      Defendant admits the allegations in paragraph 9.

10.     Defendant admits the allegations in paragraph 10.

11.     Defendant denies the allegations in paragraph 11.

12.     Defendant admits the allegations in paragraph 12.

13.     Defendant admits the allegations in paragraph 13.

14.     Defendant admits the allegations in paragraph 14.

15.     The allegations contained in paragraph 15 constitute conclusions of law, to which no response is required.  To the extent that paragraph 15 includes allegations of fact, those allegations are denied.

16.     The allegations in paragraph 16 constitute conclusions of law, to which no response is required.  To the extent that paragraph 16 includes allegations of fact, those allegations are denied.

17.     The allegations in paragraph 17 constitute conclusions of law, to which no response is required. To the extent that paragraph 17 includes allegations of fact, those allegations are denied.

18.     The allegations in paragraph 18 are a characterization of Plaintiffs' case, to which no response is required. To the extent that paragraph 18 incorporates factual allegations set forth in paragraphs 1 through 17, Defendant incorporates by reference its answers to those paragraphs.

19.     The allegations in paragraph 19 constitute conclusions of law, to which no response is required. To the extent that paragraph 19 includes allegations of fact, those allegations are denied.

20.     The allegations in paragraph 20 and its subparagraphs constitute conclusions of law, to which no response is required. To the extent that paragraph 20 and its subparagraphs includes allegations of fact, those allegations are denied.

21.     The allegations in paragraph 21 and its subparagraphs constitute conclusions of law, to which no response is required. To the extent that paragraph 21 and its subparagraphs includes allegations of fact, those allegations are denied.

22.     The allegations in paragraph 22 and its subparagraphs constitute conclusions of law, to which no response is required. To the extent that paragraph 22 and its subparagraphs includes allegations of fact, those allegations are denied.

23.     The allegations in paragraph 23 constitute conclusions of law, to which no response is required. To the extent that paragraph 23 includes allegations of fact, those allegations are denied.

24.     The allegations in paragraph 24 are admitted.

The remaining allegations constitute Plaintiffs' prayer for relief, to which no response is required. However, as noted in Defendant's answer to paragraph 1, 28 U.S.C. §1346(a)(2) imposes a jurisdictional limit of $10,000 per claim. To the extent that the named Plaintiffs or proposed class members are joint or multiple owners of a single property interest and seek to assert separate claims that in the aggregate exceed $10,000, either dismissal for lack of jurisdiction or transfer to the United States Court of Federal Claims is required.

All of the allegations in Plaintiffs' Complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Those Plaintiffs who did not own an interest in the property allegedly taken on the date that the Surface Transportation Board issued its Decision and Notice of Interim Trail Use (NITU) lack standing to seek just compensation under the Fifth Amendment.

### Second Affirmative Defense

To the extent that Plaintiffs are joint or multiple owners of a single parcel of property and seek to assert separate claims that in the aggregate exceed $10,000, this Court lacks jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1346(a)(2), and Plaintiffs' claims must either be dismissed for lack of jurisdiction or transferred to the United States Court of Federal Claims.

WHEREFORE, the United States of America denies that the Plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be allowed its costs and such other further relief as the Court may allow.

Dated: August 25, 2005

        Respectfully submitted,

        KELLY A. JOHNSON
        Acting Assistant Attorney General
        Environment & Natural Resources Division

        s/Kristine S. Tardiff
        KRISTINE S. TARDIFF
            Bar Identification No. NH10058
        Trial Attorney
        United States Department of Justice
        Environment & Natural Resources Division
        Natural Resources Section
        53 Pleasant Street, 4th Floor
        Concord, NH 03301
        TEL: (603) 230-2583
        FAX: (603) 225-1577
        E-MAIL: kristine.tardiff@usdoj.gov

        MARY BETH BUCHANAN
        United States Attorney
        MICHAEL COLVILLE
        Assistant United States Attorney
        Western District of Pennsylvania
        U.S. P.O. & Courthouse
        700 Grant Street, Suite 400
        Pittsburgh, PA 15219
        TEL: (412) 894-7337

<u>OF COUNSEL</u>:
ELLEN D. HANSON, General Counsel
EVELYN KITAY, Attorney
Surface Transportation Board
1925 K Street, N.W.
Suite 600
Washington, D.C. 20423-0001

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Answer** has been served by U.S. Mail, postage prepaid, and by electronic mail on this 25th day of August, 2005, to the following counsel of record for the Plaintiffs:

>David A. Cohen
>The Cullen Law Firm
>1101 30th Street, N.W.
>Suite 300
>Washington, D.C. 20007
>Email: dac@cullenlaw.com

>s/Kristine S. Tardiff
>KRISTINE S. TARDIFF