UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT TROHA and FREDERICK BIGNALL on behalf of themselves and all others similarly situated,<br><br>   Plaintiff,<br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-191-E<br>)<br>)<br>)<br>)<br>) |

**JOINT PROPOSAL FOR CLASS CERTIFICATION**

  Subject to the terms and conditions set forth herein and the Court's approval, Plaintiffs and Defendant stipulate to class certification under Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

  1.  The parties request that the Court certify an umbrella class consisting of:

> All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties, Pennsylvania that is subject to a Notice of Interim Trail Use Order issued by the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1247(d), and who have claims in the amount of $10,000 or less by being deprived of their rights to possession, control, and enjoyment of their land as a result of such Trail Use Order, or who waive claims exceeding $10,000 for such damages. Excluded from this Class are railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits against the United States pursuant to 28 U.S.C. § 1346(a)(2) for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

  2.  The parties agree that following sub-classes should be certified:

    (A)    All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained its interest in the corridor by warranty deeds.

    (B)    All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained its interest in the corridor by fee simple determinables.

    (C)    All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained its interest in the corridor by grant and release deeds or donation and release deeds.

    (D)    All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained their interest in the corridor through unrecorded, lost deeds.

    (E)    All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained their interest in the corridor through condemnations.

    (F)    All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained their interest in the corridor by adverse possession.

3.    The Named Plaintiffs Robert Troha and Frederick Bignall shall be designated as representatives of the class.

4.    Plaintiffs shall attempt to identify and join at least one representative plaintiff for each of the subclasses. The parties propose a deadline of April 28, 2006, for the joinder of any

additional representative plaintiffs.  Defendant's position is that at least one representative plaintiff for each sub-class is required to satisfy Fed. R. Civ. P. 23(a)(3) and 23(a)(4).  Accordingly, Defendant reserves the right to seek modification of any class action order issued pursuant to this joint proposal under Fed. R. Civ. P. 23(d) and any other applicable rules if Plaintiffs are unable to identify and join additional representative plaintiffs.

5. The parties submit that the umbrella class and each of the sub-classes collectively meet the requirements of Rule 23(a) in that the class is so numerous that joinder of all members is impracticable and there are questions of law and fact which are common to the class and which predominate over questions affecting any individual class member.  In accordance with Defendant's reservation in paragraph 4, the parties further submit that the certification of sub-classes, and the joinder of one or more representative plaintiffs for each sub-class will meet the additional requirements under Rule 23(a) that the claims of the representative plaintiffs be typical of the claims of the other members of the class or sub-class, and that the representative plaintiffs have the same interests as the other members of the class or sub-class.

6. The parties also submit that the umbrella class and each of the subclasses meet the requirements of Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of this action, and no unusual difficulties are likely to be encountered in the management of this class.

7. The proposed class shall be certified for the limited purpose of determining whether the actions taken by the United States pursuant to the National Trails System Act, 16

U.S.C. § 1247(d), resulted in a taking of private property for which just compensation must be paid under the Fifth Amendment to the U.S. Constitution.

8. The parties agree that the $10,000 jurisdictional amount limit contained in the Little Tucker Act, 28 U.S.C. § 1346(a)(2), is a per claim limit that applies to each parcel of land allegedly taken by the United States rather than to each claimant or class member. The parties further agree that the $10,000 per claim limit does not include any attorneys fees and costs that may be recoverable under the Uniform Relocation Assistance and Real Property Act, 42 U.S.C. § 4654(c).

9. Counsel for the Named Plaintiffs, David A. Cohen of The Cullen Law Firm, P.L.L.C., shall be appointed Class Counsel in this matter.

10. Plaintiffs shall prepare a plan for providing notice to the class and a draft notice that meets the requirements of Fed. R. Civ. P. 23(c)(2). Defendant will be provided with an opportunity to review the proposed plan and draft notice prior to filing, and the parties will attempt to reach agreement regarding the content of the notice and the means of providing notice. The parties propose that Plaintiffs shall provide a proposed plan and draft notice to Defendant by March 31, 2006, Defendant shall provide comments back to Plaintiffs by April 14, 2006, and that Plaintiffs' shall file such plan and draft notice with the Court by April 28, 2006.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court approve this joint proposal for class certification and certify the class and sub-classes under the terms set forth herein.

Respectfully submitted,

| | |
|---|---|
| Dated: February 20, 2006 | Dated: February 20, 2006 |
| | SUE ELLEN WOOLDRIDGE<br>Assistant Attorney General<br>Environment & Natural Resources Division |
| s/David A. Cohen<br>DAVID A. COHEN<br>PA Bar I.D. No. 54342<br>Counsel of Record for Plaintiffs | s/Kristine S. Tardiff<br>KRISTINE S. TARDIFF<br>Bar Identification No. NH10058<br>Counsel of Record for Defendant |
| THE CULLEN LAW FIRM<br>1101 30th Street, N.W.<br>Suite 300<br>Washington, D.C. 20007<br>TEL: (202) 944-8600<br>FAX: (202) 944-8611 | U.S. Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>53 Pleasant Street, 4th Floor<br>Concord, NH 03301<br>TEL: (603) 230-2583<br>FAX: (603) 225-1577 |