IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT TROHA and FREDERICK BIGNALL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 05-191 Erie |

## ORDER

Pursuant to Fed. R. Civ. P. 23(c)(1)(A), the Court, having reviewed the parties' Joint Proposal for Class Certification, hereby approves that proposal. Subject to the terms and conditions set forth in the parties' Joint Proposal for Class Certification, the Court hereby certifies the umbrella class and subclasses described below, and sets a schedule for the joinder of additional representative plaintiffs and for filing a plan for providing notice to the class.

I. Definition of the Class and Subclasses

 The umbrella class certified in this case shall consist of:

> All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties, Pennsylvania that is subject to a Notice of Interim Trail Use Order issued by the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1247(d), and who have claims in the amount of $10,000 or less by being deprived of their rights to possession, control, and enjoyment of their land as a result of such Trail Use Order, or who waive claims exceeding $10,000 for such damages. Excluded from this Class are railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits

against the United States pursuant to 28 U.S.C. § 1346(a)(2) for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

In addition, the following sub-classes are certified in this case:

(A) All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained its interest in the corridor by warranty deeds.

(B) All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained its interest in the corridor by fee simple determinables.

(C) All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained its interest in the corridor by grant and release deeds or donation and release deeds.

(D) All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained their interest in the corridor through unrecorded, lost deeds.

(E) All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained their interest in the corridor through condemnations.

(F) All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties where the railroad, or its predecessors in title, obtained their interest in the corridor by adverse possession.

II.     Identification and Joinder of Additional Class Representatives

The Named Plaintiffs Robert Troha and Frederick Bignall shall be designated as representatives of the class.

Plaintiffs shall identify and join at least one representative plaintiff for each of the subclasses by April 28, 2006.  Defendant may seek modification this class action order if Plaintiffs are unable to identify and join additional representative plaintiffs for each subclass.

III.    Definition of the Class Claims

The class and subclasses identified in this order are certified for the limited purpose of determining whether the actions taken by the United States pursuant to the National Trails System Act, 16 U.S.C. § 1247(d), resulted in a taking of private property for which just compensation must be paid under the Fifth Amendment to the U.S. Constitution.

IV.     Appointment of Class Counsel

Counsel for the Named Plaintiffs, David A. Cohen of The Cullen Law Firm, P.L.L.C., shall be appointed Class Counsel in this matter.

V.      Notice to the Class

Plaintiffs shall prepare a plan for providing notice to the class and a draft notice that meets the requirements of Fed. R. Civ. P. 23(c)(2).  Plaintiffs shall provide their proposed plan and notice to Defendant by March 31, 2006.  Defendant shall review the proposed plan and notice and provide comments back to Plaintiffs by April 14, 2006, and the parties shall thereafter attempt to reach agreement regarding the content of the notice and the means of providing notice. Plaintiffs shall file their proposed plan and draft notice with the Court by April 28, 2006.

_____
Sean J. McLaughlin
United States District Court Judge