UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT TROHA and FREDERICK BIGNALL on behalf of themselves and all others similarly situated,<br><br>   Plaintiff,<br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>   Defendant. | Civil Action No. 05-191-E |

**JOINT MOTION FOR APPROVAL OF NOTICE PLAN AND
FORM OF NOTICE OF PENDING CLASS ACTION**

  Plaintiffs, Robert Troha and Frederick Bignall, for themselves and all others similarly situated, and Defendant, the United States of America, hereby move to approval of the following Notice Plan and Form of Pending Class Action:

1. On February 21, 2006, the Court certified an umbrella Class comprised of:

> All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties, Pennsylvania that is subject to a Notice of Interim Trail Use Order issued by the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1247(d), and who have claims in the amount of $10,000 or less by being deprived of their rights to possession, control, and enjoyment of their land as a result of such Trail Use Order, or who waive claims exceeding $10,000 for such damages. Excluded from this Class are railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits against the United States pursuant to 28 U.S.C. § 1346(a)(2) for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

2. On October 30, 2003, the Surface Transportation Board issued a Notice of Interim Trail Use, ("NITU"), for the railroad corridor at issue in this case. The parties have stipulated that Plaintiffs' takings claims accrued on the date the NITU was issued. Barclay v. United States, No. 05-1255, 2006 WL 913737 (Fed. Cir. April 11, 2006); Caldwell v. United States, 391 F.3d 1226 (Fed. Cir. 2004), cert. denied, 126 S. Ct. 366 (2005).

3. Fed. R. Civ. P. 23(c)(2) states that "the court shall direct to all members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

4. Plaintiffs agree to comply with Rule 23(c)(2) by providing both notice by United States mail as well as notice by publication.

5. Plaintiffs will provide individual notice by mail by the following methodology: (1) Plaintiffs will determine the tax parcel numbers of land adjacent to the railroad corridor at issue in this case; (2) Plaintiffs will determine, through tax records maintained by the taxing authorities in Elk and Cameron Counties, the identities and mailing addresses of the owners of such parcels in tax year 2003; and (3) Plaintiffs will mail a copy of the approved Notice of Pending Class Action, attached to this Joint Motion as Exhibit "A" to all owners identified in subparagraph (2).

6. Plaintiffs will publish in two local papers of general circulation; the Cameron Echo and the St. Mary's Daily Press, an approved Notice of Class Action, attached to this Joint Motion as Exhibit "B," to be published on two occasions: (1) two weeks after individual notices are sent by mail; and (2) 30 days before the opt-out deadline.

7. The proposed Notices of Class Action comply with the requirements of Fed. R. Civ. R. 23(c)(2), as the proposed Notice of Class Action advises each Class member that (a) the

Court will exclude the member from the Class if the member so requests by a specific date; (b) the judgment, whether favorable or not, will include all members who do not request exclusion; and (c) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

8. The proposed Notices of Class Action provide a space in the Notice for inclusion of a date upon which Class members must submit their written desire to opt-out. The parties submit that the deadline for Class members to opt-out should be 90 days after the Court signs the Notice of Class Action Order. This will allow Class counsel sufficient time to effectuate notice and provide a reasonable period for Class members to determine their course of action.

WHEREFORE, the parties respectfully request that the Court grant the Motion to Approve Class Notice Plan and Notice of Class Action.

Respectfully submitted,

SUE ELLEN WOOLRIDGE
Assistant Attorney General
Environment & Natural Resources Division

David A. Cohen /s
DAVID A. COHEN
PA Bar I.D. No. 54342
Counsel of Record for Plaintiffs

The Cullen Law Firm
1101 30th Street, N.W.
Suite 300
Washington, D.C. 20007
TEL: (202) 944-8600
FAX: (202) 944-8611

Dated: April 25, 2006

Kristine S. Tardiff /s
KRISTINE S. TARDIFF
Bar Identification No. NH10058
Counsel of Record for Defendant

U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577
Dated: April 25, 2006