# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## ERIE DIVISION

ROBERT TROHA and FREDERICK BIGNALL )
on behalf of themselves and all others )
similarly situated, )
)
    Plaintiff, )
vs. )
) Civil Action No. 05-191-E
THE UNITED STATES OF AMERICA, ) )
)
    Defendant. )
)

## NOTICE OF PENDING CLASS ACTION LAWSUIT

### THIS NOTICE MAY AFFECT YOUR RIGHTS
### PLEASE READ CAREFULLY

**This Notice is sent to you under the supervision of the United States District Court for the Western District of Pennsylvania because** it is believed that you own or owned real estate in the Commonwealth of Pennsylvania next to or over which the Allegheny and Eastern Railroad, Inc. (called "RAILROAD") has or had a right-of-way between Emporium in Cameron County, Pennsylvania to St. Mary's in Elk County, Pennsylvania, and over which a public trail (called "TRAIL") may be located. If you own or owned real estate adjoining the TRAIL as of October 30, 2003, you may be a member of a class of landowners in a lawsuit that has been certified by the Court as a class action lawsuit.

This class action lawsuit has been filed to seek just compensation from the United States government to the landowners adjoining the TRAIL (sometimes called "ADJOINING LANDOWNERS" in this Notice) for a taking of their land for this TRAIL easement by operation of the "National Trails System Act," a federal law, which provides for the railbanking of former railroad rights-of-way (i.e., the preservation of the right-of-way for future railroad use), and allows interim use of those rights-of-way as public trails.

This class action will not affect the existence or non-existence of the TRAIL. Rather, this class action will determine the following issues which will establish whether you are entitled to compensation for the imposition of the existing trail easement:

    (1)    Whether the RAILROAD held a fee simple title ownership interest on relevant parcels along the TRAIL, or whether it held a lesser interest which would then

revert back to or otherwise vest with the adjoining landowner (called "EASEMENTS" in this Notice), and

(2)   For those parcels on which the RAILROAD held EASEMENTS, whether, by allowing the RAILROAD right-of-way to be used as an interim trail, the ADJOINING LANDOWNERS were deprived of their reversionary rights or the vesting of their full interests in the right-of-way property, for which they may be entitled to compensation by the United States government for the imposition of a trail EASEMENT.

### PURPOSE OF THIS NOTICE

The purpose of this Notice is to provide you with information about the lawsuit to help you decide whether or not to participate in this proceeding as a member of the class. This class action proceeding will affect your rights, if any, to recover money from the United States for any taking of that right-of-way. **Your participation in this class action lawsuit** is **voluntary. You** may decide **whether to participate** in this **class action or be excluded from** it. More information on participation is provided, below, in the section titled "Your Choices and Deadlines" on page 4.

### WHO IS A MEMBER OF THE CLASS

On February 21, 2006, the Court certified an umbrella Class comprised of:

All persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in Cameron and Elk Counties, Pennsylvania that is subject to a Notice of Interim Trail Use Order issued by the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1247(d), and who have claims in the amount of $10,000 or less by being deprived of their rights to possession, control, and enjoyment of their land as a result of such Trail Use Order, or who waive claims exceeding $10,000 for such damages. Excluded from this Class are railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits against the United States pursuant to 28 U.S.C. § 1346(a)(2) for compensation for the same interests in land; and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

You may be eligible to participate in this class action as a class member if you fit the above definition of the class certified by the Court and if you own or owned the property adjoining the RAILROAD RIGHT-OF-WAY OR TRAIL on October 30, 2003.

If you have a question regarding whether you are a member of the Class, you may contact Class Counsel listed at the end of this Notice.

## DESCRIPTION OF THE CLASS ACTION LAWSUIT

This lawsuit seeks to determine whether all or portions of the RAILROAD RIGHT-OF-WAY OR TRAIL are owned by ADJOINING LANDOWNERS, and if so, whether they are entitled to compensation from the United States government for imposing a trail EASEMENT on the LANDOWNERS' property.

In order for the Court to determine that the ADJOINING LANDOWNERS are entitled to compensation, it will need to decide whether the railroad legally abandoned the railroad right-of-way and/or whether conversion of the former RAILROAD right-of-way into an interim recreational trail or "railbanking" constitutes abandonment of railroad EASEMENTS under Pennsylvania law. If the claim against the United States is proven, class members may be entitled to compensation as a result of the imposition of the TRAIL EASEMENT on their property.

On February 21, 2006, the Honorable Sean J. McLaughlin, United States District Judge for the Western District of Pennsylvania allowed the case to go forward as a class action by "certifying" this case as a class action. In certifying this case as a class action, the Court designated Plaintiffs Robert Troha and Frederick Bignall to be qualified representatives of the class. The Court also appointed Plaintiffs' counsel to be the lawyers who will represent Plaintiffs and members of the class ("Class Counsel") in this action. Appointment of Class Counsel was based on a finding that Class Counsel are qualified attorneys who are experienced in class action litigation and in takings issues. Class Counsel are listed at the end of this Notice.

## MAXIMUM CLAIM IS $ 10,000.00

**Under the laws governing this lawsuit, the maximum claim that can be pursued *through this class action* for any taking of land along the RAILROAD RIGHT-OF-WAY OR TRAIL is $10,000.00.** This does *not* mean that: you would be limited to $10,000 in damages if you pursued a claim against the United States government for a taking separately and *instead* of this lawsuit. Depending on the value of any property along the RAILROAD RIGHT-OF-WAY OR TRAIL, a claim exceeding $10,000.00 may be brought in a different federal court. If you believe you would be entitled to compensation greater than $10,000, and you do not wish to be limited to a recovery of $10,000, then you should exclude yourself from this class. If you do not exclude yourself from this class action, you will be limited to a maximum recovery of $10,000 per claim.

If you have any questions concerning the $10,000 limitation on an award in this class action, you should contact Class Counsel, listed at the end of this Notice.

## ATTORNEY FEES

If you are a class member in this action, you will not owe any attorney fees or costs for litigating this action. Attorney fees and costs may be awarded for litigating this class action if the

3

Court determines class members are entitled to compensation for the taking of their property. In that event, the Court may order the United States to reimburse the class members for attorneys fees and costs actually incurred in this action, in accordance with the provisions of the Uniform Relocation Assistance and Real Property Act, 42 U.S.C. § 4654(c).

## YOUR CHOICES AND DEADLINES
### 1. Remaining a Class Member

*If you want to remain a class member* in this class action, **YOU NEED TAKE NO ACTION.** By taking no action, you will automatically be a member of the class. As a member of the class, you will be bound by the Court's rulings, whether favorable or not, regarding whether the adjoining landowner owns any part of the land underlying the RAILROAD RIGHT-OF-WAY OR TRAIL and any decision concerning entitlement to compensation for any TRAIL EASEMENT that is imposed on this right-of-way.

If you remain in the class, you will have the right, if you wish, to hire your own attorney to represent you in the class action proceedings at your own expense, but you need not do so.

As a member of the class, you will be entitled to notices concerning settlement or dismissal of the Class Action. You should notify Class Counsel, at the address listed at the end of this Notice, if you have any correction or change in your name or address.

**IF YOU WISH TO REMAIN A CLASS MEMBER IN THIS CLASS ACTION, YOU DO NOT NEED TO TAKE ANY ACTION.**

### 2. Right to Seek Exclusion

**If you do NOT wish to participate** in the class action, **YOU MUST MAIL, postage prepaid, postmarked on or before** July 25, 2006, a valid request for exclusion, addressed to:

David A. Cohen, Esq.
The Cullen Law Firm, PLLC
1101 30th Street, N.W., Suite 300
Washington, D.C. 20007

Any request for exclusion must be in writing and set forth the following information with respect to the person or entity requesting exclusion: (1) name; (2) home or business address; and (3) the street address of the property you own that is adjacent to the RAILROAD RIGHT-OF-WAY OR TRAIL. All requests for exclusion must be signed by or on behalf of the person or entity requesting exclusion and must clearly state the intention to be excluded from the Class. An Exclusion form is attached to this Notice.

4

If a request for exclusion is not timely submitted, or does not include all of the information required in this Notice, or is not signed as provided in this Notice, it will not constitute a valid request for exclusion, and the person or entity filing an invalid request for exclusion will remain a member of the Class.

By making this election to be excluded: (1) you will not share in any recovery that might be paid to members of the Class as a result of this class action; (2) you will not be bound by any decision in this lawsuit; and (3) you may present any claims you have against Defendant by filing your own lawsuit.

**IF YOU HAVE QUESTIONS CONCERNING WHETHER OR NOT YOU SHOULD SEEK EXCLUSION FROM THE PLAINTIFF CLASS, YOU ARE ENCOURAGED TO CONSULT COUNSEL OF YOUR OWN CHOOSING, AT YOUR OWN EXPENSE, TO SEEK FURTHER ADVICE.**

### 3. Appearance Through Counsel

If you are a member of the Class, you may, but are not required to, enter an appearance in the Action individually or through counsel of your own choosing at your own expense. If you do not do so and do not seek exclusion, you will be represented by Class Counsel.

### 4. Rights and Obligations of Class Members

If you remain a member of the Class:

- The Class Representatives and Class Counsel will act as your representatives and counsel for the presentation of the amounts you claim you are owed by the government. If you desire, you may appear by your own attorney.

- Your participation in the amounts recovered against the government will depend upon the results of this lawsuit.

- You may be required, as a condition to participating in any recovery, to present evidence respecting the amounts you believe you are owed by the government.

- You may be required, as a condition to participating in any recovery, to present proof that, on October 30, 2003, you had an ownership interest in any property found to have been taken.

- You will be entitled to notice of any ruling affecting the Class. For this reason, as well as to participate in any recovery, you are requested to notify Class Counsel of any corrections or changes in your name or address.

5

**ADDITIONAL INFORMATION**

Any questions you have concerning the matters contained in this notice should not be made to the Court, but should be directed to counsel representing the Class:

David A. Cohen, Esq.
The Cullen Law Firm, PLLC
1101 30th Street, N.W., Suite 300
Washington, D.C. 20007
(202) 944-8600

You may, of course, seek the advice and guidance of your own attorney, at your own expense, if you desire. The pleadings and other records in this litigation may be examined and copied at any time during regular office hours at the Office of the Clerk, United States Courthouse, 17 South Park Row, Erie, Pennsylvania 16501. The pleadings and other records also may be viewed electronically for a small per page fee using the Federal Court's national electronic access system, PACER (see http://pacer.psc.uscourts.gov).

**REMINDER REGARDING TIME LIMIT**

If you wish to be excluded from the Class, you must send your request for exclusion to Class Counsel by mail postmarked on or before _____.

                                              SEAN J. McLAUGHLIN
                                              UNITED STATES DISTRICT JUDGE

Date:
Erie, Pennsylvania