# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE DIVISION

| | | |
|---|---|---|
| ROBERT TROHA and FREDERICK BIGNALL on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) ) | Civil Action No. 05-191-E |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY

Plaintiffs Robert Troha and Frederick Bignall, for themselves and the Class certified by Order of the Court on February 21, 2006, move for partial summary judgment on liability pursuant to Federal Rule of Civil Procedure 56, and hereby aver:

1.      This case was brought under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), by two individuals who own land adjacent to a recreational trail in Elk and Cameron Counties, Pennsylvania.

2.      Plaintiffs claim that through the application of the National Trails System Act, 16 U.S.C. § 1241 et seq. ("Trails Act"), Plaintiffs were deprived of their rights to possession, control, and enjoyment of their land following the cessation of railroad operations.

3.      Plaintiffs have alleged the application of the Trails Act constituted a "taking" of their property for public use without just compensation, in violation of the Fifth Amendment to the Constitution of the United States.

4.    On February 21, 2006, this Court certified this case as a class action under Federal

Rule of Civil Procedure 23(b)(3).  The class was defined as follows:

> All persons who own an interest in land adjoining or constituting part of the
> railroad corridor formerly operated by the Allegheny and Eastern Railroad, Inc. in
> Cameron and Elk Counties, Pennsylvania that is subject to a Notice of Interim
> Trail Use Order issued by the Surface Transportation Board pursuant to the
> National Trails System Act, 16 U.S.C. § 1247(d), and who have claims in the
> amount of $10,000 or less by being deprived of their rights to possession, control,
> and enjoyment of their land as a result of such Trail Use Order, or who waive
> claims exceeding $10,000 for such damages.  Excluded from this Class are
> railroad companies and their successors in interest; persons who have filed,
> intervened, or choose to intervene or opt into separate lawsuits against the United
> States pursuant to 28 U.S.C. § 1346(a)(2) for compensation for the same interests
> in land; and persons who are judges and justices of any court in which this action
> may be adjudicated or to which it may be appealed.

5.    The parties entered into stipulations concerning the type of property interests

obtained by the railroad from the original landowners on the corridor at issue in this case.  These

stipulations can be found in Joint Exhibit 2, and are titled Stipulations Regarding Title Matters.

The stipulation divides the ownership interest originally obtained by the railroad into seven

categories.  These categories are as follows:

> Category 1 – Warranty Deeds
>
> Category 2 – Warranty Deeds with "As Long As" Language
>
> Category 3 – Grant Deeds with Release
>
> Category 4 – Donation and/or Release Deeds
>
> Category 5 – Unrecorded or Lost Deeds
>
> Category 6 –Condemnation Awards
>
> Category 7 –Parcels With No Known Conveyance Documentation

6.    The parties have stipulated that the deeds in category 2, warranty deed s with "as

long as" language.  These deeds have been stipulated by the parties to convey "a fee simple determinable to the railroad company."  Joint Appendix, Ex. 2.  The parties further stipulated that "the reversionary interest in this property has not been extinguished under Pennsylvania law, and that the owner of this reversionary on the alleged date of taking is the proper class member with regard to the claim that this parcel has been taken."

7.       The parties have stipulated that for deeds in category 6, "the condemnation awards entered with regards to the railroad corridor at issue in this case operated to convey a right-of-way for railroad purposes to the railroad company."  The parties have also stipulated that, in the case of category 6, "the persons who owned fee title the land at the time of the condemnation retained a possibility of reverter which would ripen into a renewed fee simple ownership if and when the defeasible title in the railroad company terminated."

8.       In addition, the parties agreed that parcels with no known conveyance documentation, category 7, "under Pennsylvania law the railroad company is presumed to have acquired a right-of-way for railroad purposes and that the nature and scope of this interest is the same as the railroad company could have acquired by condemnation."  Joint Appendix, Ex. 2.

In this case, the Government agrees that the deeds contained in categories 6 and 7 conveyed only a right-of-way for railroad purposes under Pennsylvania law, and that the persons who owned fee title in the land subject to this easement on the alleged date of taking are the proper class members with regard to the claim that these parcels have been taken.

9.       Parcels contained in Category 3 - Grant Deeds with Release Language, are not subject to a stipulation between the parties.  Plaintiffs submit that these deeds conveyed only a right-of-way for railroad purposes under Pennsylvania law.

10.     But for the application of the Trails Act, the railroad (Allegheny and Eastern Railroad) would have been deemed to have abandoned the rail corridor as of October 30, 2003.

11.     Plaintiffs and Class members are the successors in interests to the original fee owners.  Under Pennsylvania law, but for the application of the Trails Act, upon the railroad's cessation of the use of the corridor for railroad purposes , the railroad's interest, whether it is termed an easement, "right-of-way for railroad purposes,"or a conditional fee, would have been extinguished and the lands identified in Paragraphs 6 through 9 would have reverted to Plaintiffs and Class members.

12.     Solely because of the operation of the Trails Act, plaintiffs' and Class members' lands are now burdened by new easements for recreational trails.

13.     Whereas previously the Plaintiffs and Class members could exclude all but the Railroad from use of the right-of-ways, now the public at large has access.

14.     This constitutes a physical taking of the Plaintiffs' and Class members' property for which just compensation is required under the Fifth Amendment to the Constitution of the United States.

15.     Plaintiffs submit the attached Memorandum in Support of their Motion wherein Plaintiffs more fully set forth the reasons why the Court should grant their Motion.

WHEREFORE, Plaintiffs Robert Troha and Frederick Bignall, pray the Court enter an Order granting Plaintiffs' Motion for Partial Summary Judgment on Liability.

Respectfully submitted,


s/David A. Cohen
DAVID A. COHEN
PA Bar I.D. No. 54342
Counsel of Record for Plaintiffs

THE CULLEN LAW FIRM
1101 30th Street, N.W.
Suite 300
Washington, D.C. 20007
TEL: (202) 944-8600
FAX: (202) 944-8611



Dated: December 8, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of December, 2006, the foregoing Plaintiffs' Motion for Partial Summary Judgment  was electronically filed with the Clerk of the Court using the CM/ECF system, which, in turn, forwarded the same to the following counsel of record.

Kristine S. Tardiff, Esq.
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Kristine.Tardiff@usdoj.gov

/s/David A. Cohen