# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT TROHA and FREDERICK BIGNALL, | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Electronically Filed 12/8/2006 |
| | ) | |
| v. | ) | Civil Action No. 05-191 E |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATIONS REGARDING TITLE MATTERS

Plaintiffs and class representatives Robert Troha and Frederick Bignall, for themselves and for the certified class of all others similarly situated class members, and Defendant, the United States of America, through counsel, submit the following stipulations regarding title matters.

I.    Categorization of the Subject Properties

The parties have undertaken to locate all of the deeds and other documents by which the railroad originally acquired its interest in the railroad corridor at issue in this case.  The parties have reviewed each of the deeds and other documents that they were able to locate through diligent and reasonable means, and have agreed to categorize the instruments into several groups for the purposes of facilitating a determination of the nature of the interest that was originally conveyed to the railroad.

1

The conveyance categories that the parties have identified are as follows:

Category 1 –   Warranty Deeds

Category 2 –   Warranty Deeds with "as long as" language

Category 3 –   Grant Deeds With Release Language

Category 4 –   Donation and/or Release Deeds

Category 5 –   Unrecorded or Lost Deeds

Category 6 –   Condemnation Awards

Category 7 –   Parcels With No Known Conveyance Documentation

Attached hereto as Exhibit 1 is the parties' stipulated list of conveyance categories, which identifies each deed or other instrument of conveyance under one of the above-listed categories. The property associated with each deed or other instrument of conveyance is identified by an "ICC Parcel No." This number corresponds with the parcel number assigned to that property on a schedule of Lands Owned or Used for Purposes of a Common Carrier that was compiled as of June 30, 1918, and filed with the Interstate Commerce Commission or "ICC" for the railroad property at issue in this case ("ICC Schedule"). A copy of this ICC Schedule is attached hereto as Exhibit 2.

II.    Stipulations Regarding the Ownership Interest Originally Acquired by the Railroad Co.

1.    Category 1 (Warranty Deeds)  – The parties stipulate that, under Pennsylvania law, each of the deeds listed in Category 1 conveyed a fee simple interest to the railroad company. Consequently, the parties further stipulate that the class members have no ownership interest in the land conveyed to the railroad by these deeds, and thus have no standing to assert a taking of such land in this action.

2

2.      Category 2 (Warranty Deeds with "as long as" language) – The parties stipulate

that, under Pennsylvania law, the deed in this category conveyed a fee simple

determinable interest to the railroad company.  The parties further stipulate that

the reversionary interest in this property has not been extinguished under

Pennsylvania law, and that the owner of this reversionary interest on the alleged

date of taking is the proper class member with regard to the claim that this parcel

has been taken.

3.      Category 3 (Grant Deeds with Release Language) – The parties have stipulated

that Category 3 includes the deeds for ICC Parcel Nos. 3-4 and 4-1, 4-2, 4-3 and

5-3.  The parties have not yet been able to reach a stipulation regarding the interest

conveyed to the railroad company by these deeds.   The parties intend to brief this

issue as part of their cross-motions for summary judgment as to liability.

4.      Category 4 (Donation and/or Release Deeds) – The parties stipulate that, under

Pennsylvania law, the deed for ICC Parcel Nos. 7-1 and 8-2 and the deed for ICC

Parcel No. 13-2 conveyed a right-of-way for railroad purposes to the railroad

company.  See Brookbank v. Benedum-Trees Oil Co., 131 A.2d 103 (Pa. 1957);

Bevan v. The Reading Co., 47 Pa. D. & C. 683, 686-91 (Pa. Com. Pl., Chester

County 1967).  The parties further stipulate that, under Pennsylvania law, the deed

for ICC Parcel Nos. 13-3 and 13-4 conveyed fee simple title to the lands described

therein to the railroad company.

5.      Category 5 (Unrecorded or Lost Deeds) –   There are three deeds that are

identified on an ICC Schedule, but which could not be located using the book and

3

page number listed on the schedule.  The parties stipulate that, under Pennsylvania

law, a rebuttable presumption applies that the railroad company, as the grantee of

the missing deeds, acquired fee simple title thereunder.  This stipulation is

expressly subject to the ability of either party to request that any one of these

parcels be recategorized if further title evidence is discovered, including any

evidence that would rebut the presumption described herein.

6.    <u>Category 6 (Condemnation Awards)</u> – The parties stipulate that, under

Pennsylvania law, the condemnation awards entered with regards to the railroad

corridor at issue in this case operated to convey a right-of-way for railroad

purposes to the railroad company.  This interest has been described by the

Supreme Court of Pennsylvania in decisions contemporaneous with the

condemnation awards in this case as "a base or conditional fee, terminable on the

cesser of the use for railroad purposes." <u>Pennsylvania S. V. R. Co. v. Reading</u>

<u>Paper Mills</u>, 24 A. 205 (Pa. 1892).  More recently, the Supreme Court of

Pennsylvania has described the interest that a railroad acquires by condemnation

as "a fee simple defeasible in the land, that is, a title subject to defeat in the event

the railroad company abandoned the land as a railroad right of way." <u>Chew v.</u>

<u>Commonwealth of Pennsylvania</u>, 161 A.2d 621, 622 (Pa. 1960).  The parties

further stipulate that the persons who owned fee title the land at the time of the

condemnation retained "a possibility of reverter which would ripen into a renewed

fee simple ownership if and when the defeasible title in the [railroad] company

terminated." <u>Id.</u>  The parties stipulate that the holders of this possibility of

4

reverter on the alleged date of taking are the proper class members with regard to the claim that the segments of the railroad right-of-way acquired by condemnation have been taken.

7.    <u>Category 7 (Parcels With No Known Conveyance Documentation)</u> – There are five original parcels that are identified on the ICC Schedule, but for which there is no listed information relative to a conveyance instrument or condemnation award. The ICC Schedule states for each of these parcels that, as of 1916, the railroad company has been in possession for more than forty years.  Based on the available information, the parties stipulate that under Pennsylvania law the railroad company is presumed to have acquired a right-of-way for railroad purposes and that the nature and scope of this interest is the same as the railroad company could have acquired by condemnation, as described above in paragraph 6.

Dated: December 8, 2006

Respectfully submitted,

                                                    SUE ELLEN WOOLDRIDGE
                                                    Assistant Attorney General
                                                    Environment & Natural Resources Division


s/David A. Cohen                                    s/Kristine S. Tardiff
DAVID A. COHEN                                      KRISTINE S. TARDIFF
PA Bar I.D. No. 54342
Counsel of Record for Plaintiffs                    Counsel of Record for Defendant

THE CULLEN LAW FIRM                                 United States Department of Justice
1101 30th Street, N.W., Suite 300                   Environment & Natural Resources Division
Washington, D.C. 20007                              Natural Resources Section
TEL: (202) 944-8600                                 53 Pleasant Street, 4th Floor
FAX: (202) 944-8611                                 Concord, NH 03301
                                                    TEL: (603) 230-2583
                                                    FAX: (603) 225-1577

                                                    OF COUNSEL:
                                                    EVELYN KITAY, Attorney
                                                    Surface Transportation Board
                                                    Office of General Counsel
                                                    Washington, D.C. 20423