IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT TROHA and FREDERICK BIGNALL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-191 E |

**DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and LR 56.1, Defendant United States hereby cross-moves for summary judgment on Plaintiffs' Fifth Amendment takings claims, and opposes Plaintiffs' Motion for Partial Summary Judgment as to Liability (Doc. 25). A memorandum supporting this cross-motion and opposition has been filed separately.

Plaintiffs are the alleged owners of land in Elk and Cameron Counties that abuts or is traversed by a railroad right-of-way owned by Allegheny & Eastern Railroad. Plaintiffs further allege that they have a reversionary interest in the subject right-of-way, and that this interest has been taken as a result of the Surface Transportation Board's issuance of a decision under Section 8(d) of the National Trails System Act, 16 U.S.C. 1247(d) ("Trails Act"), authorizing the Railroad to negotiate an agreement to preserve the right-of-way for possible future active rail use and to allow interim use of the right-of-way as a public trail. For the reasons explained in the accompanying memorandum, there has been no taking of Plaintiffs' ownership interest in the

subject right-of-way pursuant to the Trails Act.  Accordingly, summary judgment should be granted in favor of the United States, and Plaintiff's motion for partial summary judgment should be denied.

Specifically, as explained in Defendant's supporting memorandum, the determination of whether the United States is liable in this case turns on whether the Plaintiffs have any ownership interest in the subject right-of-way and, if so, whether the operation of the Trails Act in this particular case has interfered with that interest in a manner that rises to the level of a "taking" under the Fifth Amendment.  The parties have stipulated that the Railroad acquired fee simple title to some segments of the subject right-of-way, a fee simple determinable (conditional fee) in other segments, and a right-of-way for railroad purposes in the remaining segments. See Joint Appendix, Exhibit 2 (Doc. 27); Second Set of Stipulations Regarding Title Matters (Doc. 28).

As set forth in Section III.A. of Defendant's supporting memorandum, summary judgment should be granted in favor of the United States for those segments of the subject right-of-way that the Railroad owns in fee simple because Plaintiffs have no ownership interest in these segments of the right-of-way and thus have no standing to pursue a claim that there has been a taking of those segments from them.

As set forth in Section III.B. of Defendant's supporting memorandum, summary judgment in favor of the United States is also warranted as to segments of the subject right-of-way in which the Railroad acquired either a conditional fee, or a right-of-way for railroad purposes, for several reasons.  First, the right-of-way in which Plaintiffs own a reversionary interest is a public highway that is held in trust by the Railroad for the people of the Commonwealth.  This public highway may be put to public uses other than the active running of

trains without infringing upon any limited reversionary interests held by Plaintiffs, as is evident by the Commonwealth's reserved right to acquire the right-of-way for any public use. Since the two present uses authorized by the Trails Act – railbanking and interim trail use – are both public uses of the right-of-way under federal and Pennsylvania state law, such uses do not interfere with any reversionary interests in the right-of-way at issue here. Second, even if the subject right-of-way were found to be limited to railroad uses, both railbanking and interim trail use are railroad-related uses. Accordingly, such uses do not exceed the scope of the right-of-way and thus do not interfere with Plaintiffs' reversionary interests. Third, based on the undisputed facts of this case, the operation of the Trails Act does not cause an abandonment of the right-of-way under Pennsylvania law, nor would the right-of-way be deemed abandoned under state law but for the application of the Trails Act. Finally, railbanking and interim trail use are permissible public uses under the doctrine of shifting public uses. For all of these reasons, the operation of the Trails Act in this case has not taken any private property and summary judgment should be entered in favor of Defendant.

Dated: January 18, 2007                    Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

s/Kristine S. Tardiff
KRISTINE S. TARDIFF (NH 10058)
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
TEL: (603) 230-2583
FAX: (603) 225-1577

                    KELLE S. ACOCK (TX24041991)  
                    United States Department of Justice  
                    Environment & Natural Resources Division  
                    Natural Resources Section  
                    P.O. Box 663  
                    Ben Franklin Station  
                    Washington, DC 20044-0663

<u>OF COUNSEL</u>:  
ELLEN D. HANSON, General Counsel  
EVELYN KITAY, Attorney  
Surface Transportation Board  
Office of General Counsel  
Washington, D.C. 20423