1837
4/3/
PL 170

No. 75.

# An Act

To incorporate the Sunbury and Erie, and Pittsburg and Susquehanna Railroad companies.

Commissioners.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania, in General Assembly met, and it is hereby enacted by the authority of the same,* That John Naglee, Robert Patterson, Benjamin W. Richards, George Handy, Simon Gratz, William T. Smith, Cheyney Hickman, Charles Macalister, William B. Reed, John White, Robert A. Parrish, William Buehler, Thomas Astley, Girard Ralston, Jacob Lex, Algernon S. Roberts, Samuel F. Reed, Lewis Ryan, J. Washington Tyson, James Campbell, Thomas P. Cope, Job R. Tyson, James F. Macauley, Charles D. Lybrand, William A. Crabb, Alexander L. Hodgson, John J. Kidder, Charles Hinckle, Jacob Mintzer, David Jeffries, Lewis Shinnich, John Geim, Christian Read, E. D. Martin, John Miller, Thomas Earle, Robert Doran, Peter Baker, John C. Smith, A. Fougeray, Richard Tichener, Jacob Hentz, John Hentz, Samuel Heintzleman, Edmond B. Mixsell, William A. Irvine, Godfrey Bender, Samuel Butcher, (Mason,) Thomas F. Ashton, Joseph Rheiner, John Bender, Philip Miller, senr., George W. Riter, Henry Leech, John Miller, (Cooper,) William Heckman, Francis J. Harper, Joseph Lake, Anthony Felton, Daniel Bender, John Rheiner, Jr., D. F. Condie, L. Paynter, S. N. Morsellis, Isaac Oakford, Benjamin Martin, Joseph Dimond, G. W. Chambers, John M. Buchius, John Stalman, Jacob Haas, William H. Stokes, Windham H. Stokes, William Anslee, Josiah Wood, Henry Shitzline, John Foulkrod, Alexander Major, Henry Troth, of the city of Philadelphia, R. S. Reed, P. S. V. Hamot, John A. Tracy, Daniel Dobbins, Josiah Kellogg, Edwin J. Kelso, William Fleming, Isaac G. Williams, John H. Walker, Joseph S. Colt, Thomas H. Sill, Gillis Sanford, William Kelly, of Erie, Joseph B. Anthony, William F. Packer, Dr. W. R. Power, Henry Hughes, Dr. Arthur Davidson, John H. Cowden, William Wilson, Tunison Coryell, Nicholas Funston, William A. Petrikin, Joshua Bowman, Peter Shoemaker, Isaac Brunner, James Wilson, James Gamble, Alexander Hamilton, William Johnson, Junior,

Robert Carson, Benjamin Hays, of Lycoming, Robert Falconer, Josiah Hall, Stephen Littlefield, Obed Edson, Thomas Struthers, Archibald Tanner, N. B. Eldred, G. C. Irwin, G. A. Irvine, F. W. Brigham, of Warren county, Solomon Sartwell, H. Payne, John King, Jonathan Colegrove, Asa Sartwell, Orlo J. Hamlin, of McKean, Henry Shippen, David Dick, Stephen Barlow, Andrew Smith, Joseph Douglass, J. Stewart Riddle, David McFaddin of Meadville, Rowletten Power, Alexander McCalmont, James Kinnear, John Evans, James Thompson, Joseph M. Fox, Christian Myers, David Phipp, Myron Parks, William Raymond, Arnold Plumer, Andrew Bowman, John W. Hawe, of Venango county, Thomas D. Grover, Henry Leech, Thomas Sparks, James Ronaldson, Walter Thompson, Robert K. Scott, Charles Brower, Rees W. Flower, John Wister, Jr., Dr. George Thomas, William B. Fling, of Philadelphia; Benjamin B. Smith, Robert G. White, Joseph W. Guernsey, Josiah Emery, Samuel Dickinson, Samuel W. Morris, of Tioga county, Abbot Green, Alexander Graham, Samuel Reber, William Hays, James Geddis, John Rank, Ner Middlesworth, James Merrill, John Lashells, John Baskin, John Ray, Samuel Henderson, C. M. Straub, Samuel Harber, William Foster, John Cummings, Jr., James Moore, of Union county, Henry Reader, David Watson, Montgomery Sweney, R. H. Hammond, Samuel Hepburn, Henry Frick, James Hepburn, Joseph R. Priestly, Hugh Bellas, C. G. Donnel, A. Jordan, E. Greenough, E. Gobin, John C. Boyd, Daniel Levy, Henry Yoxtheimer, Henry Masson, William Forsythe, James Dougal, Frederick Lazarus, of Northumberland county, Timothy Ives, John H. Rose, Charles Leyman, of Potter county, J. Noble Nesbet, William Banks, Indiana county, Dr. William Darlington, William Williamson, of Chester county, George L. Mayer, William Coleman, of Lancaster county, John Miller and William Schoener of Berks county, Henry K. Strong, David Krause, Edmund W. Roberts, William Ayres, of Dauphin county, John Bannon, Burd Patterson and Jacob Seitzinger, of Schuylkill county, Daniel H. Boas, Jacob Saltzer, William H. Miller, George D. B. Keim, and Daniel Hahn, of Berks, William Donaldson, Valentine Best, Michael Fornwalt and S. F. Headly, of Columbia county, A. Y. Bright of Northumberland county, Josiah W. Smith, Richard Shaw, Peter Ritner, Benjamin Hartshorn, Thomas Hemphill, Robert Ross, Lewis W. Smith, John Irvin, of Clearfield county, Evan Jones, Charles F. Jenkins, Lewis Jones, Jonathan Roberts, Daniel H. Mulvany, Thomas Reed, William H. Slingluff, John Lloyd, Samuel Tyson, and Charles Palmer,

Case 1:05-cv-00191-SJM Document 35-2 Filed 01/18/2007 Page 1 of 11
Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

of Montgomery county, Charles Evans of the city of Philadelphia, John Findley, Benjamin Stokely, Bevan Pearson, John Hoge, William Maxwell, Samuel Thompson, William F. Clark, James Bredin, Joseph Smith, David T. Porter, Robert Stewart, Abraham Pell, Samuel Holstein, John Ferker, James McKean, Joseph T. Boyd, John Fisher, Robert W. Stuart, Ezekiel Sankey, Thomas Wilson and Daniel Means, of Mercer, or any three of them, be, and they are hereby appointed commissioners to do and perform the several things hereinafter mentioned, that is to say: they shall, on or before the first day of November next, procure books, one of which shall be opened at Northumberland, Sunbury, Milton, Williamsport, Warren, Wellsborough, Clearfield, Meadville, Erie, Franklin, Harrisburg, Bellefonte, in the city of Philadelphia, in each of which they shall enter as follows: "We whose names are hereunto subscribed, do promise to pay to the president and managers of the Sunbury and Erie Railroad company, the sum of one hundred dollars for every share of stock set opposite our respective names, in such manner and proportions, and at such times as shall be determined by the president and managers of said company, in pursuance of an act of the general assembly of this commonwealth, entitled 'An act to incorporate the Sunbury and Erie, and Pittsburg and Susquehanna Railroad companies.' Witness our hands, the          day of          , one thousand eight hundred and thirty-          ," and shall thereupon give notice, in at least one newspaper in each of the above named places, two weeks at least, of the times and places when and where the said books shall be kept open to receive subscriptions for the stock of said company, at which respective times and places, one or more of the commissioners shall attend, and permit all persons of lawful age who shall offer to subscribe in the said books, in their own names, or in the name or names of any other person or persons who shall authorize the same, for shares in the said stock, and the said books shall be kept open respectively for the said purpose, at least six hours in every juridical day, for the space of two days, or until there shall have been subscribed thirty thousand shares; and if at the expiration of two days, the books aforesaid shall not have the number of shares aforesaid therein subscribed, the said commissioners may adjourn from time to time, and transfer the book or books elsewhere, until the whole number of thirty thousand shares shall be subscribed, of which adjournment and transfer, the commissioners aforesaid shall give such public notice as the occasion may require, and when the whole number of shares,

*To procure books.*

*Form of subscription.*

*Price of shares $100 each.*

*Notice.*

*Who may subscribe.*

*30,000 shares whole no.*

or more, shall be subscribed, then the books shall be closed, and the stock be divided equally, if more than the whole should be taken, reducing the largest subscribers first, and so on, until the requisite number is thereby obtained: *Provided*, That no person or persons shall be permitted to subscribe more than fifty shares the first day, after which any person may subscribe for any number of shares, until the whole of the stock is taken: *And provided also*, That no subscription shall be valid, unless the person so subscribing shall pay to the said commissioners, at the time of making the same, the sum of ten dollars on each and every share, for the use of the company.

*When books shall be closed.*

*Proviso.*

*2d Proviso. $10 to be paid at time of subscribing.*

SECTION 2. When six thousand shares or more of the said stock shall be subscribed, and the sum of ten dollars paid on each and every share as aforesaid, the commissioners, or a majority of them, shall certify to the Governor, under oath or affirmation, the names of the subscribers, and the number of shares subscribed by each, and the sum of ten dollars on each share paid at the time of subscribing, whereupon the Governor shall, by letters patent, under his hand and the seal of the commonwealth, create and erect the subscribers, and if the subscription be not full at the time, then those also who shall thereafter subscribe to the whole number of shares aforesaid, into a body corporate and politic, in deed and in law, by the name, style and title of "The Sunbury and Erie Railroad company," and by the same name shall have perpetual succession, with all the privileges, franchises and immunities incident to a corporation, and be able to sue and be sued, implead and be impleaded, in all courts of record and elsewhere, and to purchase, receive, have, hold and enjoy, to them and their successors, lands, tenements, and hereditaments, goods, chattels, and all estates, real, personal or mixed, of what kind or quality soever, and the same from time to time may sell, exchange, mortgage, grant, alien, or otherwise dispose of, and to make dividends of such portions of the profits as they may deem proper, and also, to make and have a common seal, and the same alter or renew at pleasure, and also, to ordain, establish and put in execution such by-laws, ordinances and regulations, as shall appear necessary and convenient for the government of said corporation, not being contrary to the constitution and laws of the United States or of this commonwealth, and generally to do all and singular, the matters and things which to them it shall lawfully appertain to do for the well being of the said corporation, and the due management and ordering of the affairs of the same: *Provided*, That nothing herein contained shall be so considered as giving to the said corporation any

*Letters patent.*

*Style & title.*

*Privileges and powers.*

*Seal.*

*Proviso.*

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

banking, manufacturing or trading privileges, or any other liberties, privileges or franchises, but such as may be necessary or incident to the making and maintaining the said railroad, convenient construction of depots, such cars, locomotives, fixtures and devices, as may be necessary for the conveyance of passengers, and the transportation of the mail, and of goods, merchandise and commodities thereon.

Organization

SECTION 3. The said named persons, or any ten of them, shall, as soon as conveniently may be after the said letters patent shall be obtained, give at least twenty days previous notice, in the newspapers herein before mentioned, of the time and place by them appointed for the subscribers to meet, in order to organize the said company, to choose by a majority of votes of the said subscribers, by ballot, to be given in person or by proxy, which proxy shall have been obtained and bear date within three months previously to the election at which such proxy shall be presented, duly authorized, one president and twelve managers, all of whom shall be residents of this commonwealth; that the president and managers aforesaid shall conduct the business of said company until the second Monday of January then next, and until like officers shall be chosen, and may make such by-laws, rules, orders and regulations, as are not inconsistent with the constitution and laws of the United States or of this state, and that may be necessary for the well governing the affairs of the said company: *Provided*, That no person but a stockholder shall be eligible to the office of president or manager.

Proviso.

Annual elec-

SECTION 4. The stockholders shall meet on the second Monday of January in every year, at such places as may be fixed upon by the by-laws, of which notice shall be given at least twenty days previous, by the secretary, in the newspapers before mentioned, and choose, by a majority of the votes present, officers for the ensuing year, as mentioned in the third section of this act, who shall continue in office for one year, and until others are chosen, and at such other time as they may be summoned by the managers, in such manner and form as shall be prescribed by the by-laws, at which annual or special meeting, they shall have full power and authority to make, alter or repeal, by a majority of the votes, in the manner aforesaid, all such by-laws, rules, orders and regulations, as aforesaid, and to do and perform every other corporate act, and the number of votes to which each stockholder shall be entitled, shall be according to the number of shares he or she shall hold, in the proportion following: for every share not exceeding two shares one vote, for every two shares above two and not exceeding ten shares one vote, and for every five shares above ten one vote, but no

Ratio of votes.

share shall confer a right of suffrage, which shall not have been holden three calendar months prior to the day of election, nor unless it shall be holden by the person in whose name it appears, absolutely and bona fide in his own right, or in that of his wife, or for his or her sole use and benefit, or as executor or administrator, trustee or guardian, or in the right and for the use and benefit of some co-partnership, corporation or society, of which he or she may be a member, and not in trust for, or to the use and benefit of any other person: *Provided*, That no share held by transfer shall be entitled to vote, unless the same shall have been transferred at least three months before the election, and all votes by proxies shall be on such terms and conditions as prescribed by the act passed on the twenty-eighth day of March, one thousand eight hundred and twenty, entitled "An act to regulate proxies."

Proxy.

Proxy.

SECTION 5. The election of officers provided for in the third section of this act, shall be conducted in the following manner, that is to say: the managers for the time being, shall appoint two of the stockholders, not being managers, to be judges of the said election, and to conduct the same, after having severally taken and subscribed an oath or affirmation, before an alderman or justice of the peace, well and truly, and according to law to conduct such election, to the best of their knowledge and abilities, and the said judges shall decide upon the qualifications of voters, and when the election is closed, shall count the votes, and declare who has been elected; and if it shall at any time happen, that an election of president and managers shall not be made, the corporation shall not for that cause be dissolved, but it shall be lawful to hold and make such election of president and managers on any day thereafter, by giving at least ten days notice, signed by the president or secretary, in the newspapers before mentioned, of the time and place of holding the said election, and the president and managers of the preceding year, shall in that case continue to act, and be invested with all the powers belonging to their respective situations, until an election shall take place; in the case of the death, resignation, or removal from the state of the president or any manager, his place may be filled by the board of managers, until the next annual election.

Manner of conducting the election.

Neglect not to dissolve.

Vacancies how filled.

SECTION 6. The said president and managers shall meet at such times and places as shall be found most convenient for the transacting of their business, and when met five shall be a quorum, who in the absence of the president, may choose a chairman, and shall keep the minutes of their transactions, fairly entered into a book, and a quorum being formed,

Meetings of the president & managers.

Quorum.

Minutes.

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

Power to appoint secretary, treasurer, and other officers.

they shall be empowered, and have authority to appoint a treasurer, secretary, and all such surveyors, engineers, superintendent, and other artists and officers, as they shall deem necessary to carry on the intended work, and to fix their salaries and wages, to ascertain the times, manner, and proportions in which the said stockholders shall pay the moneys due on their respective shares, to regulate the drawing of orders on the treasurer for moneys, which shall be signed by the president, or in his absence by a majority of the managers present, and countersigned by the secretary, and generally to do all such other acts, matters and things, as by this act, and by the by-laws and regulations of the company, they are hereby authorized to do, and the assignee holding any such certificate, shall be a member of the said corporation, and for every share assigned, shall be entitled to one share of the capital stock, of all the estates and emoluments of the company, incident to such share or shares, and to vote as aforesaid, at the meetings thereof, and subject to all penalties and forfeitures, and of being sued for the balance due, or to become due on each share, as the original subscriber would have been.

Orders on the treasurer, etc.

Certificates of stock.

SECTION 7. The said president and managers first chosen, shall procure certificates or evidences of stock, and shall deliver one or more certificates, signed by the president, and countersigned by the treasurer, and sealed with the common seal of the said corporation, to each person, for the number of shares by him or her subscribed or held, which certificate or evidence of stock, shall be assignable and transferrable on the books of the corporation, only in such manner as the by-laws shall ordain, and no stockholder shall be entitled, without the consent of the president and managers, to transfer any stock until all the instalments which have been called for shall be fully paid thereon.

Of transfer.

Penalty for neglect to pay instalments.

SECTION 8. If after thirty days notice in the public papers aforesaid, of the time and place appointed for the payment of any proportion or instalment of the said capital stock, any stockholder shall neglect to pay such proportion or instalment, at the place appointed, for the space of thirty days after the time so appointed, every such stockholder or his assignees, shall, in addition to the instalment so called for, pay at the rate of two per centum per month for delay of such payment, and the said president and managers may declare any stock forfeited to the use of the company, upon which any instalment shall remain unpaid for the space of six months after the time appointed for the payment thereof, and such forfeited stock may be sold and transferred by the said president and managers, for the benefit of the company,

Forfeiture.

to any person or persons who will purchase the same, or in default of payment by any stockholder, of any such instalment as aforesaid, the president and managers may at their election, cause suit to be brought before an alderman or justice of the peace, or in any court having competent jurisdiction, for the recovery of the same, together with the penalty aforesaid: *Provided*, That no stockholder, whether original subscriber or assignee, shall be entitled to vote at any election, or general or special meeting of the said company, on whose share or shares any instalment or arrearages may be due and payable more than thirty days previously to the election or meeting.

Or suit.

Proviso.

SECTION 9. The president and managers of the said company shall demand and require of and from the treasurer, and may demand and require of and from all and every other, the officers and other persons by them employed, bonds in sufficient penalties, and with such securities as the said company shall by their rules, orders and regulations, require, for a faithful discharge of the several duties and trusts to them respectively committed.

Bonds of treasurer and other officers.

SECTION 10. Dividends of so much of the profits of the institution as shall appear advisable to the managers, shall be declared at least twice a year in every year, and paid to the stockholders on demand, at any time after the expiration of ten days therefrom, but they shall in no case exceed the amount of nett profits actually acquired by the company, so that the capital stock shall never be thereby impaired; if the said managers shall make any dividend which shall impair the capital stock of said institution, the managers consenting thereto shall be liable in their individual capacities to said company, for the amount of the stock so divided, and each manager present when such dividend shall be declared, shall be adjudged to be consenting thereto, unless he forthwith enter his protest on the minutes of the board, and give public notice thereof to the stockholders at the declaring such dividend.

Dividends.

SECTION 11. The president and managers of the said railroad company shall have power to survey, lay down, ascertain, mark and fix such route or routes as they shall deem expedient for a railroad, with as many sets of tracks as they may deem necessary, from Sunbury, by the way of Northumberland and Williamsport, by the most eligible route to the harbour of Erie, having due regard to the situation or nature of the ground, and of the buildings thereon, the public convenience, and the interest of the stockholders, and so as to do the least damage to private property, and the said railroad shall not pass through any burying ground or place of

Location of road.

Commencement.

Termination.

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

public worship, nor any dwelling house, without the consent of the owners thereof, nor shall it pass through any out-building of the value of three hundred dollars, without such consent; and the said president and managers shall, within six months after ascertaining the route of the said railroad, cause an accurate survey of the lines of said railroad to be made, a map or plot of which survey they shall cause to be filed in the Secretary's office of this state, which map or plot, or a certified copy thereof, shall be sufficient evidence of the course of said road, which may then be opened and all the expenses incurred thereby, shall be defrayed by said company; The president and managers of the said company shall have power to survey, lay down, ascertain, mark and fix such route or routes as they shall deem expedient for a railroad, with as many set of tracks as they may deem necessary, from a point in said road from Sunbury to Erie, by way of Warren, Franklin, Mercer and New Castle, to Beaver, or to connect with the Beaver and Conneaut railroad, at some point in Mercer county.

Map to be filed in the Secretary's office.

Branch routes may be fixed.

Right of entry upon lands.

SECTION 12. That it shall be lawful for the said company and their agents, to enter upon any lands for the purpose of exploring, surveying and locating the route of the said railroad, doing thereto no unnecessary damage, and when any part of the said route shall be determined by the said company, it shall be lawful for the said company, their agents or contractors, to enter upon, take possession of, and use such land; and also to take from any land in the neighborhood, gravel, stone, wood, or other materials, for the purpose of constructing and maintaining such railroad, subject however, to such compensation as said company may have agreed to pay therefor, or shall be ascertained, in manner hereinafter directed.

Mode of ascertaining damages.

SECTION 13. That when the said company cannot agree with the owner or owners of such required land, for the purchase thereof, or for the damages sustained by such owner or owners, or as to the compensation to be paid to the owner or owners of any materials taken as aforesaid, or where, by reason of legal incapacity, or absence of any such owner or owners, no such agreement or purchase can be made, the court of Common Pleas of the proper county, on application thereto by or on behalf of either party, and at the costs and charges of the said company, shall nominate and appoint twelve disinterested persons of the said county, and shall issue a precept to the sheriff of the said county, to summon the said twelve persons to meet on the land so required or taken, or from whence the said materials shall or may be taken, at a day to be expressed in the warrant, not less than

Appointment of viewers.



ten nor more than twenty days after the date of the precept, and the sheriff, upon receiving the said warrant, shall forthwith summon the said persons, and give at least eight days notice to the parties, and the said sheriff shall attend at the time and place of meeting, and administer to each of the said jurors who shall attend on the case of land so required, an oath or affirmation, that he will faithfully and impartially value the land occupied or required for said railroad, or other works, and all damages which the owner or owners shall sustain, or may have sustained by reason of the construction of the said railroad, or other works, taking into consideration the advantages, as well as the disadvantages of the same to the said owners, according to the best of his skill and judgment, and the same in the case of materials taken, and the said persons, or any nine of them, shall thereupon proceed to view the premises, and hear the evidence, and their award, signed by the sheriff and a majority of the jurors actually viewing the premises, shall be returned by the said sheriff within five days thereafter, to the prothonotary, to be filed of record, and the said sheriff and jurors shall be allowed the like compensation as are allowed on the execution of an order to value real estate, in the Orphan's court, under the intestate laws of the state, and either party may, within twenty days, file exceptions to the said award, which exceptions shall be heard and decided by the court of Common Pleas, who may either affirm or set aside the same, and if no exceptions be filed, or the verdict be affirmed after exceptions, it shall have the effect of a judgment against the party, and if it be set aside, a new precept shall issue, as herein before provided for: *Provided*, That in the subsequent proceedings, if the party excepting does not recover a verdict more favorable than the verdict so excepted to and set aside, such party shall pay all the costs of said proceedings.

Their oaths and duties.

Report.

Sheriff and Juror's pay.

Exceptions.

Proviso.

SECTION 14. The said railroad shall be so constructed as not to impede or obstruct the free use and passage of any public road or roads which may cross or enter the same; in all cases where the said railroad may cross, or in any manner interfere with any existing public road, canal, or slack-water navigation, the said company shall make, or cause to be made, as soon as conveniently may be, a good and sufficient causeway or causeways, bridge or bridges, to enable all persons passing or traveling such public road, canals, or slack water navigation, to cross and pass said railroad, which bridge, or causeway or causeways, shall be made and maintained by said company, and the sufficiency of the same shall be judged by the supervisor or supervisors of the proper

The said railroad shall be so constructed as not to obstruct public roads.

Public causeways, or causeway bridges.

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

township, and if the company shall neglect or refuse to keep such causeway or causeways in good repair, they shall be liable to a penalty of ten dollars, for every day the same shall be so neglected or refused to be repaired, to be recovered by the supervisors of the township, with costs, for the use of the township, as debts of the like amount are by law recoverable, and shall moreover, be liable to all actions, at the suit of any person who may be aggrieved thereby.

*Penalty for neglecting causeways.*

SECTION 15. For the accommodation of all persons owning or possessing land through which the said railroad may pass, it shall be the duty of the said company to make, or cause to be made, a good and sufficient causeway or causeways, whenever the same may be necessary, to enable the occupant or occupants of said lands, to cross or pass over the same with wagons, carts, and implements of husbandry, as occasion may require, and the said causeway or causeways, when so made, shall be maintained and kept in good repair by said company, and if the said company shall neglect, or refuse on request, to make such causeway or causeways, or when made to keep the same in good order, the said company shall be liable to pay any person aggrieved thereby, all damages sustained by such person, in consequence of such neglect or refusal, to be sued for and recovered, before any magistrate or court having cognizance thereof: *Provided*, That the said company shall in no case be required to make, or cause to be made, more than one causeway through each plantation or lot of land, for the accommodation of any one person, owning or possessing land through which the said railroad may pass; and in the event of any private bridge or causeway being converted to public use, so as to be made to accommodate a public road, laid out subsequent to the passage of this act, then and in such case, the company shall be forever thereafter exonerated from the duty of keeping the said bridge or causeway in repair: *Provided further*, That this act shall not be so construed as to prevent the owners of land through whose property the said railroad passes, from constructing a bridge, causeway, or crossing place, over or under the said railroad, in conformity with such as are usually made by said company.

*Private causeways.*

*Penalty for neglecting causeways.*

*Proviso.*

*2d Proviso.*

SECTION 16. The company shall not prevent any person or persons being the owner or owners of land bordering on the said railroad, or adjacent thereto, from making such lateral railroads, and to connect them with the said railroad, from their said lands, as the said person or persons may conceive necessary for the purpose of transporting merchandise, stone, timber, produce or coal, upon the said railroad.

*Owners of land adjacent to road, may make lateral roads to connect with it.*

SECTION 17. No suit or action shall be brought or prosecuted by any person or persons, for any penalties incurred under this act, unless such suit or action shall be commenced within one year next after the offence shall have been committed, or the cause of action shall have accrued, and the defendant or defendants in such suit or action, may plead the general issue, and give this act and the special matter in evidence, and that the same was done in pursuance and by authority of this act.

*Suits, when to be commenced.*

SECTION 18. That in all suits or actions brought against the said company, the service of process on any manager, toll-gatherer, or other officer of the company, shall be as good and as available in law as if made on the president thereof.

*Service of process.*

SECTION 19. If any person or persons shall wilfully and knowingly break, injure, or destroy the railroad hereby authorized, or any part thereof, or any work, edifice or device, or any part thereof, to be erected by the said company in pursuance of this act, he, she, or they, shall forfeit and pay to the said company, three times the actual damages so sustained, to be sued for and recovered, with full costs, before any tribunal having cognizance thereof, by action, in the name and for the use of the said company, and shall be subject to indictment in any court of Quarter Sessions of the proper county, and upon conviction of such offence, shall be punished by fine and imprisonment, at the discretion of the court.

*Penalty for injuring the railroad.*

SECTION 20. If any person or persons shall wilfully or maliciously remove or destroy any of the company's constructions, or designedly and with evil intent, place or put any obstruction on the line of the railroad, so as to jeopard the safety, and endanger the lives of persons traveling on the same, such person or persons so offending, shall be deemed guilty of a misdemeanor, and shall be adjudged on conviction, to be punished by fine and imprisonment, at the discretion of the court: *Provided*, That nothing herein contained shall prevent the company from pursuing any other appropriate remedy at law in such cases.

*Penalty for destroying the company's constructions or obstructing the road.*

*Proviso.*

SECTION 21. On the completion of any part of the said road, or any portion of one track, not less than ten miles, it shall and may be lawful for the president and managers, from time to time, to ordain and establish rules and regulations for the due ordering of all traveling and transportation on said road, and such portions thereof as are completed, being not less than ten miles, and for its preservation, with power to alter, repeal, enlarge or amend the said rules and regulations, as they deem expedient, and that they shall have full power and authority to prescribe the kinds and

*Rules and regulations for traveling &c.*

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

descriptions of cars, carriages, or wagons, to be used on the said road, for the conveyance of passengers, and the transportation of the mails, or of goods, wares, merchandise, and minerals, and to regulate the speed at which they shall travel, and to adopt and enforce such rules and regulations in relation to the transit thereof, as they may deem expedient: *Provided*, That the toll on any species of property shall not exceed an average of four cents per ton per mile, nor upon each passenger an average of two cents per mile, and the legislature reserves the right to reduce and regulate the toll hereby authorized.

Proviso.

Tolls.

Penalty for defrauding the company of toll.

SECTION 22. If any owner or driver of any car, carriage, or other conveyance, upon the said railroad, shall pass by any place appointed for receiving tolls, without making payment thereof, with intent to defraud the said company, he, she, or they so offending, shall forfeit and pay for every such offence, for the use of said company, the sum of twenty dollars, to be sued for and recovered by action of debt, before any justice of the peace, in like manner, and subject to the same rules and regulations as debts under one hundred dollars may be sued for and recovered, together with the cost of suit.

Statement of accounts to be made a the annual meetings.

SECTION 23. At each annual meeting of the stockholders, the president and managers of the preceding year shall exhibit to them a complete statement of the affairs and proceedings of the company for such year, and that special meetings of the stockholders may be called, by order of the president and managers, or by the president, at the request of the stockholders holding one fourth of the amount of the capital stock, in like notice as that required for annual meetings, specifying moreover, the object of the meeting, but no business shall be transacted at such meetings, except that for which it shall have been called, nor unless a majority in value of the stockholders shall attend, in person or by proxy.

The capital stock may be increased to $6,000,000.

SECTION 24. If any increase of the capital stock shall be deemed necessary to improve or complete the said railroad, or any of its branches, it may be lawful for the said president, managers and company, at a stated or special meeting, convened for the purpose, to increase the number of shares, so that the capital of the said company shall not exceed six millions of dollars, and to receive and demand the moneys for shares so subscribed, in like manner, and under like penalties as are hereinbefore provided for the original subscription, or as shall be provided for by their by-laws.

SECTION 25. At the end of the third year after the charter shall be obtained, and at the end of every year there-

after, there shall be furnished to the legislature an abstract of the accounts of the company, showing the amount of capital paid in, and the debts of the said company, the amounts received for tolls and transportation, the rates charged, and the amount of dividends declared, which abstract shall be verified by the oath or affirmation of the president or treasurer of said company: *Provided*, That the company shall pay into the treasury of the commonwealth, a tax of eight per centum per annum, on all dividends over eight per cent. on the capital stock paid in.

Abstract of accounts to be furnished to the legislature.

Proviso.

Donations and subscriptions of lands.

SECTION 26. Inasmuch as it is of essential importance to ensure a full subscription to this railroad, with which so many already chartered will be connected, the president and managers are hereby authorized to receive and hold, for the benefit of the subscribers, such donations and subscriptions of lands along and immediately adjoining the said railroad and its branches, as may tend to ensure its speedy commencement and completion.

Legislature may resume privileges.

SECTION 27. If the said company shall at any time misuse or abuse any of the privileges herein granted, the legislature may resume, all and singular, the rights and privileges hereby granted to the said corporation.

The legislature may purchase the railroad.

SECTION 28. The legislature hereby reserve the right to purchase the railroad by this act authorized to be constructed, with its appurtenances, at any time after the expiration of fifty years from the passage of this act, by paying to the said company a sum of money which, with the tolls received, shall equal the cost and expenses of making and maintaining the said railroad, with an interest of six per cent. per annum thereon.

Commiss'rs of the Pittsburg and Susquehanna Railroad company.

SECTION 29. That Benjamin Darlington, William Bell, James Thompson, N. B. Craig, James S. Craft, John Lyon, Peter Shoenberger, George Millenberger, W. W. Irvin, W. W. Fetterman, George A. Bayard, James Ross, jr., Francis Karns, William Little, Hugh Davis, Henry Brackenridge, John Tassey, George Breed, Benjamin Weaver, Benjamin Fahnestock, James Speer, Pollard McCormick, Robert Greer, James R. Butler, Samuel Stackhouse, James Wood, James P. Stewart, M. B. Millenberger, Samuel Fahnestock, Thomas Williams, J. R. McClintock, of the county of Allegheny, R. B. M'Cabe, J. Noble Nisbet, Stewart Steel, Thomas Boyle, Samuel Moorhead, Joseph Laughry, of W., Samuel Templeton, John White, William Banks, Thomas White, James M. Stewart, Peter Diltz, Allen N. Work, Henry Kinter, James M'Comb, Daniel Stannard, Ephraim Carpenter, William Houston, of Indiana county, Hugh M'Clelland, Arnold Plumer, John Evans, James

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

Kinnear, George Brigham, Edward Pierce, James R. Snowden, of Venango county, J. Hall, Thomas Struthers, L. Wetmore, Archibald Tanner, G. A. Irvine, of Warren county, be, and they are hereby appointed commissioners, with similar powers to those contained in the first section of this act, (the notices to be published in such newspapers as they shall deem most advisable,) and after they shall have procured subscriptions of stock to the amount of two thousand shares, they shall certify the same to the Governor, whose duty it shall be to issue his letters patent, incorporating the said stockholders, their successors and assigns, into a body corporate and politic, in deed and in law, by the name and style of "The Pittsburg and Susquehanna Railroad company," and by the same name shall have perpetual succession, with all the privileges, franchises and immunities, and subject to all the restrictions, liabilities and penalties, as by the several sections of this act are provided for and imposed upon the Sunbury and Erie Railroad company.

Company incorporated.

Name and style.

Privileges and liabilities.

Section 30. The president and managers of the said Pittsburg and Susquehanna Railroad company, shall have the power to survey, lay down, ascertain and mark such route or routes as they may deem expedient for a railroad, with as many sets of tracks as they may deem necessary, from the said city of Pittsburg, along the waters of the river Allegheny, and thence by the nearest, best and most practicable route, so as to intersect the said Sunbury and Erie Railroad, at any point they may think most advisable, either on the waters of the Allegheny, or the West Branch of the Susquehanna, or at any other intermediate point.

Location of the railroad.

Commencement.

Termination.

Section 31. In order that the location of said railroads may not interfere with the construction by the commonwealth, of a contemplated canal, from the present termination of the West Branch division of the Pennsylvania canal to the Allegheny river, explored by Mr. Aycrigg, the proposed location of said railroads, so far as the same might interfere with the construction of said canal, shall be submitted to the Canal Commissioners, and the said railroads shall be located in such manner, as in the opinion of the said commissioners, will not occupy or obstruct the ground necessary for such canal: *Provided*, That where the said railroads shall approach or cross any canal or slack water navigation constructed by the commonwealth, the location of the same, and the height of the bridges, shall be approved of by the Canal Commissioners, before actual operations shall be commenced.

Location not to interfere with the works contemplated by the state.

Proviso.

Section 32. The said Sunbury and Erie Railroad company, shall commence the construction of said railroad previous to the first day of June, eighteen hundred and thirty-eight, and complete at least two hundred miles thereof within seven years, and the whole thereof within nine years next succeeding said first day of June; in default whereof, all the rights and privileges by this act to them granted, shall cease, and their charter become void, except so far as it compels said company to make reparation for damages.

Time of commencement and completion.

When charter shall become void.

Section 33. That the second proviso in the first section of the act entitled "An act to authorize the Governor to incorporate a company to make a lock navigation on the East branch of the river Schuylkill," passed the twentieth day of February, Anno Domini, eighteen hundred and twenty-six, be, and the same is hereby repealed.

Lock Nav. on the E. Branch of Schuylkill Proviso repealed.

LEWIS DEWART,
Speaker of the House of Representatives.
J. R. BURDEN,
Speaker of the Senate.

Approved—The third day of April, Anno Domini, one thousand eight hundred and thirty-seven.

JOS: RITNER.

No. 76.

## An Act

To incorporate the Pittsburg and Connellsville Railroad company.

Section 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania, in General Assembly met, and it is hereby enacted by the authority of the same,* That W. W. Fetterman, William Bell, N. B. Craig, John Murrison, William G. Alexander, Benjamin Bakewell, James Ross, jr., Charles Shaler, Alexander Brackenridge, John Shoenberger, George Darsie, William Addison, Lewis Patterson, Jacob Forsyth, Thomas S. Clark, Sylvanus Lothrop, A. Galway, William Holmes, George A. Cook, James S. Craft, William W. Irwin, John D. Baird, Benjamin Darlington, Charles Avary, John M. Snowden, E. Henderson, William Wade, Christopher Magee, Isaac Lightner, O. O. Gregg, Hezekiah Nixon, S. R. Darlington,

Commissioners.

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 1

Case 1:05-cv-00191-SJM Document 35-2 Filed 01/18/2007 Page 9 of 11

Lawrence S. Pepper, be and they, and the survivors and survivor of them, are and is hereby authorized to receive the redemption or extinguishment money, which may be payable in redemption or extinguishment of any redeemable ground rent allotted to either of the said shares, of which they are or shall, for the time being, be trustees or trustee, and which may be offered before the time limited for the said redemption or extinguishment shall expire; and on payment of the same, and all arrears of rent then payable, to make, execute and deliver a deed or deeds, releasing and extinguishing such ground rent forever, which deed or deeds shall have the same effect to release and extinguish the said rent, as if the said testator had, by his said will, given the said trustees, and the survivors and survivor of them, express power to this effect; and the owner of the ground or premises, out of which the said rent was granted or reserved, shall not be liable for the application of the money so paid: *Provided*, That the proceeds of the sales of any real estate, or extinguishment of any ground rents by the said guardians or trustees, respectively, shall be invested in good real securities, or in other securities authorized by law, in trust, for the same uses and purposes as the said real estate or ground rents were held; and shall, before such investment shall be made, be first approved of by the orphans' court or court of common pleas of Philadelphia county.

Proviso.

JAMES COOPER,
*Speaker of the House of Representatives.*
WM. WILLIAMSON,
*Speaker of the Senate.*

APPROVED—The fifteenth day of March, one thousand eight hundred and forty-seven.

FRS. R. SHUNK.

3/15/1847

No. 290.

A FURTHER SUPPLEMENT

To an act, entitled "An Act to incorporate the Sunbury and Erie and Pittsburg and Susquehanna railroad companies," passed April third, one thousand eight hundred and thirty-seven.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same*, That the directors of said companies shall have full power and authority to purchase and place on the said railroads, all locomotives, machines, vehicles, carriages and teams of any kind whatsoever, which they may deem proper and necessary for the purposes of transportation, and have full power to transport passengers, goods, minerals, merchandize and other articles, and to receive and collect freight and tolls therefor: *Provided*, That if the said engines or other vehicles be so used as to render unsafe traveling on any canal or public road now laid out, the legislature may enact such regulations therefor as will prevent and obviate such danger.

Power to purchase and place locomotives, &c. on the road.

Proviso.

SECTION 2. That the twenty-first section of the act to which this is a further supplement, except the proviso to said section, be and the same is hereby repealed.

Part of former act repealed.

SECTION 3. That the Sunbury and Erie railroad company, so soon as ten consecutive miles or more of their said road is completed over any section of the line of said road, are hereby authorized to run cars and locomotives, and collect tolls on the said road, and do all other acts and things as fully and effectually as if the whole road were completed.

Sunbury and Erie railroad company may run cars and locomotives, and take toll when ten miles are completed.

JAMES COOPER,
*Speaker of the House of Representatives.*
CH. GIBBONS,
*Speaker of the Senate.*

APPROVED—The fifteenth day of March, one thousand eight hundred and forty-seven.

FRS. R. SHUNK.

No. 291.

AN ACT

Authorizing the laying out of a state road from Bakerstown, in Allegheny county, through Butler county, to the Great Western iron works, in Armstrong county.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same*, That David Dougal, of Butler county, William Duncan, of Allegheny county, and Joseph King, of Armstrong county, be and they are hereby appointed commissioners to view and lay out a state road from Bakerstown, in Allegheny county, through Butler county, to the Great Western iron works, in Armstrong county.

Commissioners appointed. To lay out state road from Bakerstown to Great Western iron works.

SECTION 2. It shall be the duty of the said board of commissioners, or a majority of them, after taking and subscribing an oath or affirmation, before a justice of the peace, to perform the duties enjoined upon them by this act with impartiality and fidelity, to carefully view the ground over which said road may pass, and to lay out the same on the nearest and best ground, and in no place to exceed an elevation of five degrees.

Duty of commissioners.

SECTION 3. That it shall be the duty of the said commissioners plainly and distinctly to mark the ground on the routes agreed upon for the road aforesaid, in such manner as to enable the supervisors readily to find the same; and for the purpose of fulfilling the duties in this act enjoined, the said commissioners are hereby authorized to employ, at a per diem allowance not exceeding one dollar each, two chain carriers and one axeman; and the said commissioners respectively shall receive a per diem allowance, not exceeding one dollar and fifty cents each, for each day necessarily expended in the discharge of the duties enjoined by this act; and the said commissioner performing the duties of surveyor, shall have and receive an additional compensation of one dollar per day

Mark route.

Compensation.

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 2

Repeal.

laws inconsistent with the provisions of this act, be and the same are hereby repealed.

ELISHA W. DAVIS,
*Speaker of the House of Representatives.*

ROBT. M. PALMER,
*Speaker of the Senate.*

APPROVED—The seventh day of March, Anno Domini one thousand eight hundred and sixty-one.

A. G. CURTIN.

3/7/1861

No. 101.

AN ACT

To change the name of the Sunbury and Erie Railroad Company, and to facilitate the completion of a Railroad from Sunbury to Erie.

Preamble.

WHEREAS, The Sunbury and Erie railroad company have made application to this General Assembly for the passage of an act to change the name of the said corporation, so that the same shall hereafter be called and known as the Philadelphia and Erie railroad company:

*And whereas,* The said company have been unable to dispose of their bonds for three million five hundred thousand dollars, made by authority of the act for the sale of the state canals, approved the twenty-first of April, one thousand eight hundred and fifty-eight, for the purpose of raising money to complete the construction of their railroad; the payment of which said bonds, as well as their bonds for the same amount now in the sinking fund, and owned by the commonwealth, was intended to be secured by the mortgage for seven millions of dollars, executed in trust for that purpose, recorded in the office for the recording of deeds for the city and county of Philadelphia, and deposited for safe keeping in the office of the state treasurer; and by reason of the fact that the said bonds cannot be disposed of, the work on the said railroad has been suspended, and the said company are unable further to prosecute the same, or to pay the interest on their said debt to the commonwealth:

*And whereas,* In case of a foreclosure of the said mortgage, and a judicial sale of the said work in its present condition, an incumbrance of six hundred thousand dollars existing thereon, being a lien for work, labor and materials, will take precedence of the claim of the state, and is required by law to be paid prior to and in preference thereof, and will be likely to absorb the entire proceeds of such sale, whereby the said indebtedness to the state, represented by the said bonds for three million five

hundred thousand dollars, would be wholly lost, and it is important to the public interests that this legislature should adopt such measures as will prevent the sale and sacrifice of the said work, and secure the ultimate payment of the said debt:

*And whereas,* The completion and equipment of the said railroad are necessary for the purposes last aforesaid, and to that end, and for the purpose of paying and discharging the said lien for six hundred thousand dollars, it is necessary that the said mortgage for seven million of dollars shall be cancelled, and that the said company be authorized to issue other bonds, and secure the payment of the same by a first mortgage, and it is expedient that such authority be conferred on the said company upon the terms expressed in the provisions of this act; therefore, for the purposes aforesaid, and to secure the completion and equipment of the said railroad, and the ultimate payment of the said debt of three million five hundred thousand dollars to the state,

Change of name.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same,* That the corporate name and title of the Sunbury and Erie railroad company be and the same is hereby changed to the Philadelphia and Erie railroad company, by which name and title the business of the said company shall hereafter be managed and conducted, with the same effect as if the name thereof had not been changed.

Authorized to issue bonds.

Amount and conditions.

SECTION 2. That the said the Philadelphia and Erie railroad company be and it is hereby authorized to execute and issue, under its corporate seal, five thousand bonds, not exceeding in amount the aggregate sum of one million of pounds, sterling money of Great Britain, or five millions of dollars, lawful money of the United States, any number or all of which may be issued for two hundred pounds each, sterling money aforesaid, and any number or all of which for one thousand dollars each, payable in twenty years from the date thereof; the said bonds shall bear interest at the rate of six per centum per annum, payable semi-annually, and shall not be subject to taxation; and the said bonds, or the proceeds thereof, shall be used by the said company for the purpose of completing and equipping the said railroad, and for the payment of debts contracted concerning the same, and of the scrip issued by the said company under the act of thirteenth of April, one thousand eight hundred and sixty; and as security for the payment of the principal and interest of the said bonds, the said company is hereby authorized to execute, in trust, under its corporate seal, a mortgage of the whole line of its railroad, finished, unfinished and to be finished, from Sunbury to the harbor of Erie, and its appurtenances, including all locomotives and cars which may at any time be placed thereon, together with all its real estate, rights, liberties, privileges and franchises; which said mortgage shall be delivered to the trustee or trustees therein named, and recorded in the several counties in which the property therein described, or any part thereof, may be situate, and shall thereupon be and remain the first mortgage on all the property therein described, until fully satisfied, except as to that part of the road of the said com-

Purposes of.

May execute mortgage.

To be delivered to trustees.

Shall remain first mortgage.

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 2

Exception. pany which extends from Sunbury to Williamsport, on which a mortgage for one million of dollars now exists.

May issue other bonds. Terms of. SECTION 3. That the said company be and is hereby authorized to execute, under its corporate seal, forty bonds, for one hundred thousand dollars each, payable in forty years from the date thereof, bearing interest at the rate of six per centum per annum from and after the first day of January, one thousand eight hundred and seventy-two, and secure the payment of the same by a mortgage to the commonwealth of all the railroad of the said company, finished, unfinished and to be finished, and all the property, rights, privileges and franchises, including locomotives, cars and rolling stock of the said company, which said mortgage shall be subject to the mortgage authorized by the second section of this act, and to the mortgage for one million of dollars on that part of the said road which extends from Sunbury to Williamsport; and the said company shall deliver the said forty bonds, together with the said mortgage, to secure the payment of the same, to the commissioners of the sinking fund, and the said commissioners shall receive the same as collateral security for the payment of the said five per cent. bonds for three million five hundred thousand dollars, now in the sinking fund, and the treasurer of the commonwealth shall thereupon cancel and surrender all the bonds belonging to the said company, and deposited in his office for safe keeping, under the provisions of the act for the sale of the state canals.

(Margin notes: Mortgage to the commonwealth. Subject to. To be delivered to commissioners of sinking fund and received as collateral security. Treasurer to cancel and surrender certain bonds.)

Time for payment of principal and interest of bonds, extended. SECTION 4. That the time for the payment of the principal and interest of the said bonds for three million five hundred thousand dollars, now in the sinking fund, be and the same is hereby extended till the maturity of the bonds for four millions of dollars, to be given as collateral security aforesaid, and the payment of the said collateral bonds, with the interest thereon, as the same shall become due and payable, shall be full satisfaction of the said bonds for three million five hundred thousand dollars and of the conditions thereof: *Provided*, That the whole amount of principal and interest so to be paid by the said company, shall not be less than the debt now owing by the said company to the commonwealth, with the stipulated interest thereon till the time of payment.

(Margin note: Proviso.)

Cancellation of bonds. SECTION 5. That on the surrender and cancellation of all the five per centum bonds of the said company, made by authority of the act for the sale of the state canals, approved the twenty-first of April, one thousand eight hundred and fifty-eight, except those belonging to the state for three million five hundred thousand dollars, and now in the sinking fund, it shall be the duty of the trustees of the mortgage for seven millions of dollars, executed by the said company to secure the payment of the said bonds, forthwith to enter satisfaction on the record thereof, and the lien of the said mortgage shall thereupon be discharged and forever extinguished.

(Margin notes: Trustees of mortgage to enter satisfaction. Lien extinguished.)

Bonds to be deposited in treasury. SECTION 6. That all the bonds authorized by the second section of this act, shall be deposited in the office of the state treasurer, for safe keeping, and shall be delivered to the said company for issue, as hereinafter provided; that is to say, that when satisfaction is entered on the record of the mortgage mentioned in the fifth section of this act, the governor shall, by his warrant, authorize the state treasurer to deliver to the said company one thousand of the said bonds, which, or the proceeds of which, shall be appropriated by the company to the purposes mentioned in the second section of this act; and upon notice to the governor that such appropriation has been made, he shall forthwith appoint a competent person to examine and report, at the expense of the said company, the indebtedness liquidated and work done, and on being satisfied of the faithful application of the said bonds, or the proceeds thereof, the governor shall then, in the manner aforesaid, authorize the delivery of another thousand of the said bonds to the said company, for the purposes aforesaid, and the remainder thereof from time to time, and on the same conditions, *pari passu* with the progress of the said work and the equipment thereof; but before any of the said bonds are delivered to the said company for issue, there shall be endorsed on each of them the words, 'Issued by authority of an act of assembly, entitled 'An Act to change the name of the Sunbury and Erie railroad company, and to facilitate the completion of a railroad from Sunbury to Erie,'' over the signature and official seal of the secretary of the commonwealth, who is hereby authorized to sign and seal the said certificate as aforesaid: *Provided however*, That such endorsement shall not render the commonwealth liable for the payment of the same in any contingency.

(Margin notes: Warrant of governor authorizing delivery of one thousand bonds. Appointment of person to examine and report upon application of bonds, &c. Delivery of another thousand bonds. Remainder on same condition. To be endorsed. Signature and seal of secretary. Proviso.)

ELISHA W. DAVIS,
*Speaker of the House of Representatives.*

ROBT. M. PALMER,
*Speaker of the Senate.*

APPROVED—The seventh day of March, Anno Domini one thousand eight hundred and sixty-one.

A. G. CURTIN.

---

No. 102.

## AN ACT

To change the name of the Harmonia Sacred Music Society of Philadelphia.

SECTION 1. *Be it enacted by the Senate and House of Representatives of the Commonwealth of Pennsylvania in General Assembly met, and it is hereby enacted by the authority of the same,* That the name of the corporation called heretofore the Harmonia Sacred Music society of Philadelphia, be changed to that of the Harmonia Musical society of Philadelphia, by which latter name the said corporation shall be hereafter known and designated; and that all the rights and privileges to which the said society

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 3