IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT TROHA and FREDERICK BIGNALL on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 05-191-E |
| v. ) ) | |
| UNITED STATES OF AMERICA, ) ) | |
| Defendant. ) | |

**MOTION OF RAILS-TO-TRAILS CONSERVANCY FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

                                                    Neal R. Brendel
                                                    Pennsylvania Bar I.D. No. 31493
                                                    William D. Semins
                                                    Pennsylvania Bar I.D. No. 89550
                                                    KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
                                                    Henry W. Oliver Building
                                                    535 Smithfield Street
                                                    Pittsburgh, PA  15222-2312
                                                    (412) 355-6500
                                                    (412) 355-6501 fax

                Of Counsel:

                                                    Andrea C. Ferster, General Counsel
                                                    RAILS-TO-TRAILS CONSERVANCY
                                                    1100 17th Street, N.W., 10th Floor
                                                    Washington, D.C.   20036
                                                    (202) 974-5142

                                                    Attorneys for *Amicus Curiae* Rails-to-Trails Conservancy

February 21, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBENT TROHA and FREDERICK BIGNALL on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Civil Action No. 05-191-E |

**MOTION OF RAILS-TO-TRAILS CONSERVANCY FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

Rails-to-Trails Conservancy, a national nonprofit conservation organization with offices in Washington, D.C., California, Florida, Massachusetts, Ohio, and Pennsylvania, hereby seeks leave to participate in oral argument as *amicus curiae* in support of Defendant's Motion for Summary Judgment in the above-captioned matter.

## BACKGROUND

1. This case was brought by several persons who own land that abuts a railroad right of way owned by Allegheny & Eastern Railroad, Inc. ("A&E"). Plaintiffs claim that their alleged reversionary interests in the right of way have been "taken" by operation of the National Trails System Act ("Federal Railbanking Law") and that they are therefore entitled to compensation.

2. The Federal Railbanking Law established a mechanism, often referred to as "railbanking," whereby railroads wishing to cease operations on particular lines would be

encouraged, but not required, to convey those lines to States, local governments, or qualified private organizations that would manage and operate the rights of way as interim trails pending future reactivation of rail use.  *See* 16 U.S.C. 1241 *et seq*.

3. Under the statute as implemented by Surface Transportation Board ("STB") regulations, if a railroad seeking abandonment authorization notifies the agency of its willingness to negotiate an agreement with a State, political subdivision or qualified private organization for railbanking and interim trail use, the agency will issue a Certificate of Interim Trail Use ("CITU") or, in exempt abandonment cases, a Notice of Interim Trail Use ("NITU"). 49 C.F.R. § 1152.29.

4. If an agreement is reached, the CITU or NITU provides that the right of way will be transferred to the trail operator for interim trail use, "subject to future restoration of rail service." 49 C.F.R. § 1152.29(c)(2).

5. On October 14, 2003, Elk County and Cameron County, Pennsylvania filed a request with the STB for issuance of a NITU for the right of way at issue in this case. *Id.* at ¶¶ 9-10.

6. On October 30, 2003, the STB issued a decision and NITU for the right of way. *Id.* at ¶12.

7. The right of way has not yet been abandoned or transferred to a trail operator for interim trail use.

## INTERESTS OF *AMICUS CURIAE*

8. Rails-to-Trails Conservancy ("RTC") is a nonprofit corporation formed in 1985, with more than 76,309 members nationwide, including approximately 7,413 active members in the Commonwealth of Pennsylvania.

9.  The mission of RTC is to create a nationwide network of trails from former rail lines and connecting corridors to build healthier places for healthier people.

10.  Specifically, RTC identifies rail corridors that are not currently needed for rail transportation and facilitates their preservation and continued public use through conversion to public trails, non-motorized transportation corridors, and other public uses.

11.  According to records maintained by RTC, Pennsylvania presently has 116 open rail-trails totaling 1100 miles, and efforts are presently underway to acquire and preserve 120 additional former railroad corridors as trails.

12.  Representation of the interests of state- and county-wide trail users and future users of these corridors for rail transportation will assist the Court in identifying and considering those interests and resolving this case.

13.  The experience of RTC with federal railbanking, as well as RTC's extensive participation in state and federal litigation, gives RTC useful perspective on the pending legal issues.

14.  RTC has considerable expertise in the legal issues raised in this case, and has participated in numerous cases involving the ownership of railroad corridors under state law, including the laws of this Commonwealth.[1]

---

[1] *See, e.g., Moody v. Allegheny Valley Land Trust*, No. 914 WDA 2006 (Pa. Super. Ct. notice of appeal filed Feb. 10, 2006); *Chevy Chase Land Co. v. United States,* 733 A.2d 1055 (Md. 1999); *State v. Hess,* 684 N.W.2d 414 (Minn. 2004); *Rowley v. Massachusetts Electric Co.,* 784 N.E.2d 1085 (Mass. 2003); *Lowers v. United States,* 663 N.W.2d 408 (Iowa 2002); *Malnati v. New Hampshire*, 803 A.2d 587 (N.H. 2002)*; Twp. of Bingham v. RLTD R.R. Corp.,* 624 N.W.2d 725 (Mich. 2001); *Chatham v. Blount Co.*, 789 So.2d 235 (Ala. 2001); *Bayfield Co. v. Mauler*, No. 99-2678 (Wis. Ct. App. Aug. 15, 2000), *petition for review denied*, 619 N.W.2d 94 (Wis. 2000); *May v. Tri-County Trails Comm'n*, No. 97-0588 (Wis. Ct. App. 1997), *petition for review denied*, 589 N.W.2d 628 (Wis. 1998); *Cary Enterprises v. CSX Transportation, Inc.*, No. 95-03311-CH (Mich. Cir. Ct., Gratiot Cty., April 19, 1996), *aff'd mem.*, No. 195528 (Mich. App. July 29, 1997); *Conrail v. Llewellen*, 666 N.E.2d 958 (Ind. App. 1996), *petition for transfer*

Case 1:05-cv-00191-SJM    Document 40    Filed 02/21/2007    Page 5 of 7

15.     RTC has also taken part in numerous cases involving claims that the Federal Railbanking Law has "taken" private property, which frequently focus on whether the claimants possess an ownership interest in the corridor under state law.[2]

16.     In many of these cases, RTC has also participated in oral argument.[3]

17.     This extensive involvement in the federal railbanking program and in litigation over the ownership issues raised by rails-to-trails conversions renders RTC uniquely suited to provide its views as *amicus curiae* to this Court.

## STATUS AS *AMICUS CURIAE*

18.     On January 22, 2007, this Court granted RTC's Motion for Leave to File *Amicus Curiae* Brief in Support of Defendant's Motion for Summary Judgment.

---

*granted* (Ind. June 19, 1997); *Bigelow v. Michigan Dep't of Transportation,* No. 88-3199-CH (Mich. Cir. Ct., Benzie Cty.); *Grill v. West Virginia R.R. Maintenance Authority*, No. 20480 (W.Va. Nov. 13, 1992); *Barney v. Burlington Northern R.R.*, 490 N.W.2d 726 (S.D. 1992), *cert. denied*, 113 S. Ct. 1263 (1993).

[2]     *Preseault v. United States,* 100 F.3d 1525 (Fed. Cir. 1996); *Chevy Chase Land Co. v. United States,* 37 Fed. Cl. 545 (1997), *aff'd,* 230 F.3d 1375 (Fed. Cir. 1999), *reh'g & reh'g in banc denied*, 2000 U.S.App. LEXIS 8520 (Fed. Cir. April 6, 2000), *cert. denied*, 531 U.S. 957 (2000); *Toews v. United States,* 376 F.3d 1371 (Fed. Cir. 2004); *Moore v. United States*, No. 1:93cv134 (Fed. Cl., filed March 5, 1993); *Glosemeyer v. United States*, No. 1:93cv126 (Fed. Cl., filed March 4, 1993); *Grantwood Village v. United States*, No. 1:98cv176 (Fed. Cl., filed March 13, 1998); *Gray v. United States*, No. 4:99cv3154 (D. Neb., filed May 17, 1999); *Bywaters v. United States*, No. 6:99cv451 (E.D. Tex., transferred Aug. 3, 1999); *Hash v. United States*, No. 1:99cv324 (D. Idaho, transferred Aug. 5, 1999); *Schneider v. United States*, No. 8:99cv315 (D. Neb., filed Aug. 2, 1999); *Taylor v. United States*, No. 2:00cv2385 (W.D. Pa, filed Dec. 7, 2000); *Schmitt v. United States*, No. EV 99-118-C--Y/H, 2003 WL 21057368 (S.D. Ind., March 5, 2003); *Beres v. United States*, No. 1:03cv785 (Fed. Cl., filed April 15, 2003); *Ellamae Phillips Co. v. United States*, No. 1:04cv1544 (Fed. Cl., filed Oct. 13, 2004).

[3]     *Moore v. United States*, No. 1:93cv134 (Fed. Cl., filed March 5, 1993); *Schneider v. United States*, No. 8:99cv315 (D. Neb., filed Aug. 2, 1999); *Hash v. United States*, No. 1:99cv324 (D. Idaho, transferred Aug. 5, 1999); *Chevy Chase Land Co. v. United States,* 37 Fed. Cl. 545 (1997), *aff'd,* 230 F.3d 1375 (Fed. Cir. 1999), *reh'g & reh'g in banc denied*, 2000 U.S.App. LEXIS 8520 (Fed. Cir. April 6, 2000), *cert. denied*, 531 U.S. 957 (2000); *Schmitt v. United States*, No. EV 99-118-C--Y/H, 2003 WL 21057368 (S.D. Ind., March 5, 2003); *Beres v. United States*, No. 1:03cv785 (Fed. Cl., filed April 15, 2003).

- 5 -

## INTEREST IN PARTICIPATING IN ORAL ARGUMENT

19. Oral argument on Plaintiff's Motion for Partial Summary Judgment and Defendant's Cross-Motion for Summary Judgment is scheduled to take place on March 15, 2007.

20. In RTC's *Amicus Curiae* Brief in Support of Defendant's Motion for Summary Judgment, RTC argues, among other things, that under applicable "takings" jurisprudence, the limited impact of the Federal Railbanking Law on property rights would not effect a "taking" of interests in property under the facts of this case.

21. More specifically, RTC argues that any "takings" claim that accrued when the NITU was issued is merely a temporary takings claim, since the corridor has not yet been transferred for interim trail use, and must be analyzed and rejected under the three-part test for regulatory takings set forth in *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978).

22. Defendant United States of America does not address this legal issue in its Memorandum in Support of Its Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment.

23. Moreover, no other "takings" case filed under the Tucker Act has addressed the question of whether railbanking alone, without the transfer of the corridor to the interim trail manager for trail use, constitutes a taking.

24. As such, this is an issue of first impression that if decided by this Court would have far-reaching impact on RTC's members and trail users nationwide.

25. RTC requests permission to participate in oral argument for the limited purpose of arguing its position with respect to this issue of first impression.

## **CONCLUSION**

For these reasons, Rails-to-Trails Conservancy respectfully requests that this Court enter the attached order granting them leave to participate in oral argument as *amicus curiae* in support of Defendant's Motion for Summary Judgment.

                                                Respectfully submitted,

                                                KIRKPATRICK & LOCKHART PRESTON
                                                GATES ELLIS LLP

                                                By:/s/William D. Semins
                                                   Neal R. Brendel
                                                   Pennsylvania Bar I.D. No. 31493
                                                   William D. Semins
                                                   Pennsylvania Bar I.D. No. 89550
                                                   KIRKPATRICK & LOCKHART PRESTON
                                                   GATES ELLIS LLP
                                                   Henry W. Oliver Building
                                                   535 Smithfield Street
                                                   Pittsburgh, PA  15222-2312
                                                   (412) 355-6500
                                                   (412) 355-6501 fax

Of Counsel:

                                              Andrea C. Ferster, General Counsel
                                              RAILS-TO-TRAILS CONSERVANCY
                                              1100 17th Street, N.W., 10th Floor
                                              Washington, D.C. 20036
                                              (202) 974-5142

Dated: February 21, 2007                    Attorneys for *Amicus Curiae* Rails-to-Trails Conservancy