UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| ROBERT TROHA and FREDERICK BIGNALL on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 05-191-E |

**PLAINTIFFS' OPPOSITION TO MOTION OF RAILS-TO-TRAILS CONSERVANCY TO PARTICIPATE IN ORAL ARGUMENT**

Plaintiffs, Robert Troha and Frederick Bignall, for themselves and all others similarly situated, through counsel, hereby oppose the Motion of Rails-to-Trails Conservancy for Leave to Participate in Oral Argument as Amicus Curiae. Plaintiffs, for the reasons stated below, request that the court deny the pending motion.

**I.       The Standard for Allowing *Amicus Curiae* to Participate in Argument**

District courts have the inherent authority to appoint *amicus curiae* to assist in their proceedings. *See, e.g., Liberty Resources, Inc. v. Phila. Hous. Auth.,* 395 F. Supp.2d 206, 209 (E.D.Pa.2005); *Avellino v. Herron,* 991 F.Supp. 730, 732 (E.D. Pa .1998); *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,* 149 F.R.D. 65, 82 (D. N.J.1993). The extent to which a district court should permit an *amicus curiae* is solely within the court's discretion. *Waste Management of Pa., Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D. Pa.1995) (citations omitted).

An *amicus curiae* is not a party to the litigation, but rather assists the court in its understanding of a particular matter in a case. *Id.* The Third Circuit Court of Appeals has noted

that "permitting persons to appear ... as friends of the court ... may be advisable where third parties can contribute to the court's understanding" of the matter in question. *See Harris v. Pernsley,* 820 F.2d 592, 603 (3d Cir.1987).

## II. Allowing Amicus Curiae to Participate in Argument on the Parties' Cross-Motions for Summary Judgment Will Not Assist the Court

The Rails-to-Trails Conservancy ("RTC") has requested that it be allowed to participate in the oral argument scheduled on the parties' cross-motions for summary judgment. The RTC states that its sole purpose in participating is to argue that Court should grant summary judgment in favor of Defendant on the ground that there has been no "regulatory taking."

As the RTC concedes, the United States has not moved for summary judgment on this issue. Moreover, as Defendant has not raised this issue as a basis for summary judgment, Plaintiffs have not responded to the argument. As a result, the RTC is asking the Court to allow it to argue for dispositive judgment on a ground that has not been briefed by either party.

Plaintiffs submit that allowing the RTC to argue for summary judgment on a ground that the Defendant has not raised, and Plaintiff has not briefed, would not assist the Court in resolving the pending motions. As a result, the Court should deny the motion of *amicus curiae* to participate in oral argument.

Respectfully submitted,


/s/David A. Cohen
DAVID A. COHEN
THE CULLEN LAW FIRM
1101 30th Street, N.W.
Suite 300
Washington, D.C. 20007
TEL: (202) 944-8600

FAX: (202) 944-8611
PA Bar I.D. No. 54342

Counsel of Record for Plaintiffs


Dated: February 21, 2007