I



DEED.

The Keystone Powder Manufacturing Company.

To

The Philadelphia and Erie Railroad Company.

Dated Dec. 14, 1905.
Consideration $1 &c.

For a strip or piece of land in Shippen Township, Cameron Co.

Recorded Jan. 22, 1906.

THIS INDENTURE made the fourteenth day of December in the year of our Lord one thousand nine hundred and five (1905) BETWEEN the Keystone Powder Manufacturing Company, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania of the one part, and The Philadelphia and Erie Railroad Company, of the other part, WITNESSETH, that the said Keystone Powder Manufacturing Company for and in consideration of the sum of one dollars lawful money of the United States of America, unto it well and truly paid by the said The Philadelphia and Erie Railroad Company, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, and divers other good and valuable considerations it thereto moving hath granted, bargained, and sold, and by these presents doth grant, bargain, and sell unto the said The Philadelphia and Erie Railroad Company, its successors and assigns, the full right, liberty, and priviledge or laying down, erecting, constructing and forever establishing, operating and using a railroad with one or more tracks, as the said The Philadelphia and Erie Railroad Company may deem necessary or advantageous, through, over and upon ALL that certain strip or piece of land, situate in the Township of Shippen, in the County of Cameron and State of Pennsylvania, bounded and described as follows, viz: Begining at a stake in the southerly line of land of the Philadelphia and Erie Railroad Company at the distance of thirty three feet measured southerly from a point in the line established for the centre line of the railroad of the said Railroad Company, said point being distant nine hundred and seventy nine feet and four tenths of a foot measured eastwardly along said centre line from Mile Post No. 148, and extending thence through other land of the said Keystone Powder Manufacturing Company, as follows, viz: FIRST, south sixty seven degrees fifty minutes west one hundred and thirty five feet and nine tenths of a foot to a stake; SECOND, south fifty eight degrees sixteen minutes west forty feet and six tenths of a foot to a stake; THIRD, south forty nine degrees forty five minutes west forty two feet and four tenths of a foot to a stake; FOURTH, south forty four degrees forty two minutes west thirty two feet and eight tenths of a foot to a stake; FIFTH, south forty one degrees forty five minutes west seventy five feet and nine tenths of a foot to a stake; SIXTH, south forty three degrees forty five minutes east twelve feet to a stake; SEVNTH, south forty six degrees fifty one minutes west ninety eight feet and three tenths of a foot to a stake; EIGHTH, south fifty nine degrees twenty seven minutes west one hundred and fourteen feet and nine tenths of a foot to a stake; and NINTH, south sixty six degrees west four hundred feet to a stake at the extremity of said strip; thence crossing the said strip north forty two degrees west twenty seven feet to a stake; thence in a general northeasterly direction through other land of the said Keystone Powder Manufacturing Company as follows, viz: First, north sixty six degrees east four hundred feet to a stake; second north fifty nine degrees twenty seven minutes east one hundred/and eleven feet and eight tenths of a foot to a stake; THIRD? north forty six degrees fifty one minutes east ninety two feet and three tenths of a foot to a stake; FOURTH, north forty one degrees forty five minutes east seventy four feet and four tenths of a foot to a stake; FIFTH, north forty four degrees forty two minutes east thirty three feet and six tenths of a foot to a stake; SIXTH, north forty nine degrees forty five minutes east forty three feet and eight tenths of a foot to a stake, SEVENTH, north fifty eight degrees sixteen minutes east forty two feet and nine tenths of a foot to a stake; and EIGHTH, north sixty

r of. e Key- nd ex- the the turing wful paid d be- whereof naid- and Rail- ying ith one ry or n the scrib- ia and int in sai ed other ixty foot entho feet s west orty forty egrees south ths of at the enty f the ees es ix OURTH, foot d six rty xteen ty

seven degrees fifty minutes east eighty four feet and seven tenths of a foot to a stake in the southerly line of the land of The Philadelphia and Erie Railroad Company aforesaid, and thence by said land on a line parallel with the aforesaid centre line and thirty three feet distant southerly therefrom north eighty three degrees twenty seven minutes east fifty five feet and seven tenths of a foot to the place of begining. Containing four hundred and eighty two one thousandths of an acre, more or less. Being part of the same premises which Josiah Howard and wife by Indenture bearing date the twenty ninth day of February A. D. 1904, and recorded in the office for the recording of Deeds &c., in and for the said County of Cameron in Deed Book "S" page 66, granted and conveyed unto the said Keystone Powder Manufacturing Company in fee. TOGETHER with the free and uninterrupted right and priviledge of passing at all ti es hereafter forever, ove, through, and along the same, with or without locomotives, passenger, freight, baggage, mail or other cars; AND TOGETHER with the right, liberty and priviledge or constructing, erecting, maintaining and using, upon the said above described strip or piece of land, any and all such depots or station houses, warehouses, offices, engine houses, water, telegraph or signal stations, or other buildings and appurtenances; branches, sidings, turnouts, bridges, viaducts, or other devices, as the said Company may deem necessary or useful for or in connection with the construction, maintenance, operation, and repair of the said Railroad and appurtenances. TO HAVE AND TO HOLD all and singular the rights, liberties, and priviledges above described and hereby granted or mentioned and intended so to be, with the appurtenances, unto the said The Philadelphia and Erie Railroad Company, its successors and assigns, to and for the only proper use and behoof of the said The Philadelphia and Erie Railroad Company, its successors and assigns forever: IT BEING UNDERSTOOD AND AGREED, by and between the parties hereto, that in the event of the said Railroad Company ceasing to use said strip of land above described for railroad purposes, the same shall thereupon revert to the said Keystone C Manufacturing Company, its successors and assigns as of its first and former estate therein. AND the said Keystone Powder Manufacturing Company doth hereby constitute and appoint A. C. Blum, to be its Attorney, for it and in its name and as and for its corporate act and deed to acknowledge this Indenture before any person having authority by the laws of the Commonwealth of Pennsylvania to take such acknowledgment, to the intent that the same may be duly recorded. IN WITNESS WHEREOF the said Keystone Powder Manufacturing Company in pursuance of a resolution duly passed by its Board of Directors, hath caused its common or corporate seal to be hereto affixed, the day and year first above written.

Keystone Powder Manufacturing Company.
By Joseph Kaye, President.
Attest: A. C. Blum, Secretary. (Seal)

Sealed and delivered in the presence of us. E. W. Gaskill. W. L. Thomas. Harry S. Lloyd.

State of Pennsylvania, County of Cameron, SS.

I hereby certify, that on this sixteenth day of December, in the year of our Lord one thousand nine hundred and five (1905) before me, the subscriber, a Notary Public personally appeared A. C. Blum the Attorney named in the aforegoing indenture and by virtue and in pursuance of the authority therein conferred upon him acknowledged the said indenture to be the act of the said Keystone Powder Manufacturing Company. Witness my hand and Notarial seal, the day and year aforesaid. Jay P. Felt, Notary Public. (Seal) My Commission expires at end of next session of Senate.

Recorded January 22nd. A. D. 1906. [signature] Recorder.

Troha v. US, No. 05-cv-00191
Defendant's Exhibit 9