**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**ERIE DIVISION**

| | | |
|---|---|---|
| **ROBERT TROHA and FREDERICK BIGNALL on behalf of themselves and all others similarly situated,** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 05-191-E** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**REPLY BRIEF TO PLAINTIFFS' OPPOSITION TO MOTION OF RAILS-TO-TRAILS CONSERVANCY TO PARTICIPATE IN ORAL ARGUMENT**

On February 21, 2007, *Amicus Curiae* Rails-to-Trails Conservancy ("RTC") filed a Motion for Leave to Participate in Oral Argument as *Amicus Curiae* in Support of Defendant's Motion for Summary Judgment ("Motion for Leave to Participate in Oral Argument") in the above-captioned matter. Plaintiffs Robert Troha and Frederick Bignall, for themselves and all others similarly situated, through their counsel, filed an opposition brief ("Opposition Brief") asking this Court to deny RTC's Motion for Leave to Participate in Oral Argument. For the reasons stated below, the argument raised in Plaintffs' Opposition Brief is without merit and should be rejected.

## I. ARGUMENT

### A. District Court has Broad Discretion to Allow *Amicus Curiae* to Participate in Oral Argument

As Plaintiffs' acknowledge in their Opposition Brief, a district court has inherent authority to designate *amici curiae* to assist it in a proceeding. Opposition Brief, 1; *Liberty Resources, Inc. v. Phila. Housing Auth.*, 395 F. Supp. 2d 206, 209 (E.D.Pa. 2005). More

importantly for purposes of deciding the issue presently before the Court, a district court has "broad discretion" to determine the extent to which an *amicus curiae* should be allowed to participate in a pending action. *Waste Management of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D.Pa. 1995) ("The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court."). Thus, this Court has broad discretion to allow RTC to participate in oral argument on the parties' cross-motions for summary judgment. As stated in RTC's Motion for Leave to Participate in Oral Argument, RTC is uniquely suited to provide its views as *amicus curiae* to this Court and would assist the court in addressing the issues in this case if allowed to participate in oral argument.

### B. *Amicus Curiae* May Raise an Issue Not Briefed by Either Party on a Motion for Summary Judgment

In their Opposition Brief, Plaintiffs argue that RTC should not be allowed to participate in oral argument because it seeks to argue for summary judgment on a ground that has not been briefed by either party. However, Plaintiffs are unable to cite any authority to support their contention.

Not allowing RTC to raise an important issue on summary judgment would be inconsistent with the purpose for which an *amicus curiae* is granted leave to participate in a proceeding in the first place. As Plaintiffs acknowledge, an *amicus* participates in a proceeding to assist the court. Brief in Opposition, 1; *Waste Management*, 162 F.R.D. at 36. An *amicus* does not assist the court if it simply repeats the same arguments already made by a party to the proceeding. An *amicus* can and should raise any legal issue that will help the court resolve the question before it regardless of whether the parties briefed the issue. *See Pinney Dock & Transport Co. v. Penn Central Corp.*, 838 F.3d 1445, 1454 n.11 (6th Cir. 1988) (court

considered arguments raised by *amicus* even though some of the arguments were not raised by either party). Here, the question before the court is whether a taking has occurred under the circumstances presented by this case. RTC simply seeks to assist the Court in answering this question by arguing that any takings claim that accrued was merely a temporary takings claim that must be analyzed and rejected under the three-part test for regulatory takings set forth in *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978). This argument is closely related to and intertwined with the arguments made by the United States in its summary judgment brief. Moreover, such an argument is completely consistent with RTC's role as *amicus curiae* and should not be precluded simply because the Defendant's brief opted to focus on the threshold issue of whether Plaintiffs had the necessary predicate property interest to assert a takings claim to begin with.

Plaintiffs' argument also ignores the fact that a district court may grant summary judgment on a ground not raised by either party so long as the losing party has had an adequate opportunity to argue and present evidence on that point and summary judgment is otherwise appropriate. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 2719 at 326 (3d ed. 1998) ("The court may enter judgment on a ground not mentioned in the motion, however, if the parties have had an adequate opportunity to argue and present evidence on that point and summary judgment is otherwise appropriate."); *see also United States v. Schuylkill Township*, No. 90-2165, 1991 U.S. Dist. LEXIS 2 at *2-*3 (E.D.Pa. Jan. 2, 1991); *Wilson v. Kernan*, No. 5-04-0478, 2006 U.S. Dist. LEXIS 615 at *15 (E.D.Cal. Jan. 10, 2006); *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1407 (Fed. Cir. 1997); *Packish v. McMurtrie*, 697 F.2d 23, 25 n.1 (1st Cir. 1983); *Broderick Wood Products Co. v. United States*, 195 F.2d 433, 436 (10th Cir. 1952); *Board of National Missions v. Smith*, 182

F.2d 362, 364-65 (7th Cir. 1950). Allowing *amicus* to address the "temporary takings" issue in oral argument will ensure that this Court has the benefit of all parties' views on this issue during oral argument.

Here, by the time the Court decides whether to grant summary judgment, Plaintiffs will have had two opportunities to argue their side of the temporary takings issue raised by RTC. Plaintiffs received timely notice of the issue when RTC filed its Brief in Support of Defendant's Motion for Summary Judgment along with its Motion for Leave to Participate as *Amicus Curiae*. After this Court granted RTC's Motion for Leave to Participate as *Amicus Curiae*, Plaintiffs could and should have responded to RTC's temporary takings argument in their Reply Brief. The fact that Plaintiffs chose not to address this argument in their Reply Brief should not preclude RTC from raising the issue at oral argument. In any event, Plaintiffs will have another opportunity to respond to RTC's temporary takings argument at oral argument.

### C. In the Alternative, RTC Should Be Permitted To Participate in Oral Argument To Any Extent This Court Would Find Helpful

The purpose of oral argument is to assist this Court in understanding the issues in this case, and RTC requests that it be permitted to participate in oral argument in order to address any issue that this Court might find useful. RTC's *amicus* brief was not limited to the "temporary takings" issue but also addressed the full range of threshold questions of property law that the parties focused on in their briefs.

Further, RTC's own experience as an interim trail manager and in assisting trail managers across the country provides the perspective of a key stakeholder in the Railbanking Law that is not represented by any of the other parties before this Court. RTC has participated in numerous rails-to-trails conversions across the country, has been an interim trail manager itself, and is

knowledgeable and experienced in implementation of the Railbanking Law. As noted in its Motion for Leave to Participate in Oral Argument, RTC's participation will provide this Court with the perspective of a national organization that has both used the Railbanking Law and defended its application in the courts. No other advocate before the Court has RTC's breadth of experience in both building trails and defending them in state and federal courts across the country. Accordingly, RTC requests that its Motion for Leave to Participate in Oral Argument be granted.

**CONCLUSION**

For the reasons set forth above and in RTC's Motion for Leave to Participate in Oral Argument, RTC respectfully requests the Court grant its Motion for Leave to Participate in Oral Argument.

Respectfully submitted,

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By:/s/William D. Semins
Neal R. Brendel
Pennsylvania Bar I.D. No. 31493
William D. Semins
Pennsylvania Bar I.D. No. 89550
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312
(412) 355-6500
(412) 355-6501 fax

Of Counsel:

Andrea C. Ferster, General Counsel
RAILS-TO-TRAILS CONSERVANCY
1100 17th Street, N.W., 10th Floor
Washington, D.C. 20036
(202) 974-5142

Dated: March 2, 2007

Attorneys for *Amicus Curiae* Rails-to-Trails Conservancy