# EXHIBIT D

# The Cullen Law Firm, PLLC
1101 30th Street, NW, Suite 300
Washington, DC 20007

David A. Cohen
Email dac@cullenlaw.com

Telephone (202) 944-8600
Telecopier (202) 944-8611

d21754

March 5, 2008

Surface Transportation Board
395 E Street, S W
Washington, D C  20423

    Re:    *Allegheny & Eastern Railroad, Inc. Abandonment Exemption in Elk and Cameron Counties, Docket No. AB-854(X)*

Dear Sir or Madam

    Please find enclosed, for filing with the Board, the original and ten copies of 1) Petition of Robert Troha for Leave to Intervene, and 2) Motion of Robert Troha Opposing any Additional Extension of Time to Negotiate a Trail Use Agreement in the above-referenced action

    Thank you for your assistance in this matter

ENTERED
Office of Proceedings

MAR 05 2008

Part of
Public Record

Sincerely,

David A Cohen

221754

BEFORE THE
SURFACE TRANSPORTATION BOARD

---

DOCKET No AB-854(X)

---

ALLEGHENY & EASTERN RAILROAD, INC -- EXEMPTION OF ABANDONMENT --
ELK AND CAMERON COUNTIES, PENNSYLVANIA

---

PETITION OF ROBERT TROHA, ON BEHALF OF HIMSELF
AND MEMBERS OF THE CLASS OF LANDOWNERS CERTIFIED IN THE UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
FOR LEAVE TO INTERVENE

---

**ENTERED**
**Office of Proceedings**

MAR 05 2008

Part of
Public Record

DAVID A COHEN
THE CULLEN LAW FIRM
1101 30th Street, N W
Suite 300
Washington, D C 20007
(202) 944-8600
Attorneys for Petitioner Robert Troha
and the Class Certified by the United States
District Court

Dated March 5, 2008



BEFORE THE
SURFACE TRANSPORTATION BOARD

---

DOCKET No AB-854(X)

---

ALLEGHENY & EASTERN RAILROAD, INC -- EXEMPTION OF ABANDONMENT --
ELK AND CAMERON COUNTIES. PENNSYLVANIA

---

PETITION OF ROBERT TROHA. ON BEHALF OF HIMSELF
AND MEMBERS OF THE CLASS OF LANDOWNERS CERTIFIED IN THE UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA.
FOR LEAVE TO INTERVENE

---

I. **Introduction**

Pursuant to 49 C F R § 1112 4, Robert Troha, on behalf of himself and members of the class of landowners certified in the United States District Court for the Western District of Pennsylvania. to intervene in this proceeding for the purpose of opposing the grant of any additional extensions of time for the negotiation of a Trail Use Agreement

The proceeding involves Allegheny & Eastern Railroad's (the "Railroad") petition for exemption from abandonment, the issuance of a Notice of Interim Trail Use Order and subsequent motions for an extension of time to extend the NITU negotiating period

Petitioner submits that his intervention will neither unduly disrupt the scheduling of this proceeding. nor will it unduly broaden the issues  49 C F R § 1112 4(a)  Petitioner requests leave to intervene for the purpose of opposing any motion to extend the NITU negotiating period beyond March 8, 2008

2

## II.  Background

On September 11. 2003. A&E filed with the Surface Transportation Board a notice under 49 C F R Subpart F – Exemption Abandonments. seeking authorization to abandon approximately 18 9 miles of its rail line in Elk and Cameron Counties. Pennsylvania The STB docket number assigned to this matter was AB-854X

On October 14. 2003. Cameron and Elk Counties, Pennsylvania. filed requests for issuance of a Notice of Interim Trail Use ("NITU") for the rail line under the National Trails System Act. 16 U.S C § 1247(d) ("Trails Act") and further requesting imposition of a public use condition under 49 U S C § 10906

On October 30, 2003. the S I B served a decision and NITU for the 18 9-mile rail line segment In this decision. the STB reopened the exemption proceedings and modified the notice of exemption served on October 30. 2003. by allowing the Railroad and the Counties 180 days to negotiate a railbanking and interim trail use agreement. and by allowing other parties that same period of time to negotiate an acquisition of the line for public use The NITU provided that if an agreement for interim trail use/rail banking is reached during the 180-day period. interim trail use may be implemented. and if no such agreement is reached during that time, A&E may fully abandon the line

On June 20, 2005, Robert Troha. filed suit against the United States in United States District Court for Western District of Pennsylvania. on behalf of himself and other similarly situated owners of land adjacent to the railroad line at issue in this administrative proceeding The class action suit alleged that the STB's issuance of the NITU deprived Mr Troha and Class members of their rights to possession, control and enjoyment of their land following the cessation

3

of railroad operations and constitutes a taking of the landowners' property for public use without just compensation, for which the Fifth Amendment to the United States Constitution requires that just compensation be paid  28 U S C § 1346(a)(2). The Court certified the case as a class action on February 20, 2006

On December 14, 2006, Elk and Cameron Counties filed a notice with the STB stating they had agreed to the substitution of the West Creek Recreational Trail Association ("WCRTA") for the Counties as the trail sponsor.

The parties to this administrative action have sought, and received, extensions of time from 2003 through March 8, 2008, to reach a Trails Use Agreement, as contemplated by the regulations  Now, the West Creek Recreational Trail Association has moved for an additional extension of time

In proceedings before the United States District Court, the Court dismissed the parties' cross-motions for summary judgment because there has been no final agreement reached between the Railroad and the trails sponsor  The Court has deferred any ruling on the merits of the takings claim until final agreement between the Railroad and the WCRTA

## III.  Argument

49 C F R  section 1112 4 set forth the requirements for intervention before the Board First, the petition must set forth the position and interest of the petitioner in the proceeding  This requirement is discussed in the preceding section, wherein Petitioner explains that he is a landowner who owns land adjacent to the rail line at issue and that he has initiated a takings suit against the United States in the United States District Court for the Western District of Pennsylvania  Petitioner has demonstrated that he, and the class of landowners he represents in

4

federal court, have a real interest in the outcome of the any further proceedings before the STB

The second requirement is that the intervention should not broaden the issues before the Board. This requirement is met as Petitioner seeks to intervene for the purpose of opposing any additional extensions of time to extend the NITU negotiating period beyond October 10, 2007. This issue, that of extensions, has been before the Board since 2003. Thus, Petitioner has met the requirements for intervention.

### IV.    Conclusion

Petitioner respectfully requests that the STB grant his motion for leave to intervene in the pending matter before the Board.

Respectfully submitted,

*[signature]*

David A. Cohen
THE CULLEN LAW FIRM, PLLC
1101 30th Street, N.W., Suite 300
Washington, D.C. 20007
(202) 944-8600

Attorneys for Robert Froha and the Class Certified by the United States District Court

## CERTIFICATE OF SERVICE

This is to certify that on this the 5th day of March, 2008, I have served true and accurate copies of the foregoing Petition to Intervene and Motion Opposing any Extension of Time to Negotiate the NITU Agreement upon all parties of record, by first class mail, postage prepaid, as follows

Eric M. Hocky
THORP REED & ARMSTONG, LLP
One Commerce Square
Suite 1910
2005 Market Street
Philadelphia, PA 19103
(Counsel for Allegheny and Eastern Railroad, Inc.)

Thomas G. Wagner
MEYER & WAGNER
115 Lafayette St
St Mary's, PA 15857
(Counsel for West Creek Recreational Trail Association, Inc.)

_____
David A. Cohen