# EXHIBIT E



221756

# BEFORE THE
## SURFACE TRANSPORTATION BOARD

---

### DOCKET No. AB-854(X)

---

ALLEGHENY & EASTERN RAILROAD, INC. - - EXEMPTION OF ABANDONMENT - -
ELK AND CAMERON COUNTIES, PENNSYLVANIA

---

MOTION OF ROBERT TROHA, ON BEHALF OF HIMSELF
AND MEMBERS OF THE CLASS OF LANDOWNERS CERTIFIED IN THE UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA,
OPPOSING ANY ADDITIONAL EXTENSION OF TIME
TO NEGOTIATE NITU AGREEMENT

---

**ENTERED**
**Office of Proceedings**

MAR 05 2008

**Part of**
**Public Record**

DAVID A COHEN
THE CULLEN LAW FIRM
1101 30th Street, N W
Suite 300
Washington, D C  20007
(202) 944-8600
Attorneys for Petitioner Robert Troha
and the Class Certified by the United States
District Court

Dated. March 5, 2008

BEFORE THE
SURFACE TRANSPORTATION BOARD

DOCKET No AB-854(X)

ALLEGHENY & EASTERN RAILROAD, INC. - - EXEMPTION OF ABANDONMENT - -
ELK AND CAMERON COUNTIES, PENNSYLVANIA

MOTION OF ROBERT TROHA, ON BEHALF OF HIMSELF
AND MEMBERS OF THE CLASS OF LANDOWNERS CERTIFIED IN THE UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA,
OPPOSING ANY ADDITIONAL EXTENSION OF TIME
TO NEGOTIATE NITU AGREEMENT

**I.    Introduction**

The proceeding involves Allegheny & Eastern Railroad's (the "Railroad") petition for

exemption from abandonment, the issuance of a Notice of Interim Trail Use Order and

subsequent motions for an extension of time to extend the NITU negotiating period

Petitioner, Robert Troha, owns land adjacent to the railroad line at issue in this

administrative proceeding.  Petitioner is also a representative plaintiff in a class action against the

United States seeking just compensation for a taking in an action pending in United States

District Court for the Western District of Pennsylvania  Petitioner opposes the pending request

for an extension of time to negotiate a NITU agreement

**II.    Background**

On September 11, 2003, A&E filed with the Surface Transportation Board a notice under

49 C F R  Subpart F – Exemption Abandonments, seeking authorization to abandon

approximately 18.9 miles of its rail line in Elk and Cameron Counties, Pennsylvania  The STB docket number assigned to this matter was AB-854X

On October 14, 2003, Cameron and Elk Counties, Pennsylvania, filed requests for issuance of a Notice of Interim Trail Use ("NITU") for the rail line under the National Trails System Act, 16 U.S C  § 1247(d) ("Trails Act") and further requesting imposition of a public use condition under 49 U S C. § 10906

On October 30, 2003, the STB served a decision and NITU for the 18.9-mile rail line segment. In this decision, the STB reopened the exemption proceedings and modified the notice of exemption served on October 30, 2003, by allowing the Railroad and the Counties 180 days to negotiate a railbanking and interim trail use agreement, and by allowing other parties that same period of time to negotiate an acquisition of the line for public use  The NITU provided that if an agreement for interim trail use/rail banking is reached during the 180-day period, interim trail use may be implemented, and if no such agreement is reached during that time, A&E may fully abandon the line

On June 20, 2005, Robert Troha, filed suit against the United States in United States District Court for Western District of Pennsylvania, on behalf of himself and other similarly situated owners of land adjacent to the railroad line at issue in this administrative proceeding [1] The class action suit alleged that the STB's issuance of the NITU deprived Mr  Troha and Class members of their rights to possession, control and enjoyment of their land following the cessation of railroad operations and constitutes a taking of the landowners' property for public use without just compensation, for which the Fifth Amendment to the United States Constitution requires that

---

[1] See Complaint attached as Exhibit "A "

3

just compensation be paid.  28 U S C  § 1346(a)(2).  The Court certified the case as a class action on February 20, 2006.

On December 14, 2006, Elk and Cameron Counties filed a notice with the STB stating they had agreed to the substitution of the West Creek Recreational Trial Association ("WCRTA") for the Counties as the trail sponsor

The negotiating period set forth in the NITU served on October 30, 2003, was subsequently extended at the request of the parties by STB decisions served on  April 12, 2004, July 22, 2004, October 25, 2004, April 22, 2005, July 22, 2005, October 21, 2005, April 21, 2006, October 13, 2006, April 12, 2007, and January 8, 2008.  In its January 8, 2008 decision, the Board granted an extension, to March 8, 2008, and stated that, "[g]iven the time that has elapsed since abandonment was authorized, however. the negotiation parties are urged to conclude their negotiations so that further extensions will not be necessary "

In proceedings before the United States District Court, the Court dismissed the parties' cross-motions for summary judgment because there has been no final agreement reached between the Railroad and the trail s sponsor [2]  The Court has deferred any ruling on the merits of the takings claim until final agreement between the Railroad and the WCRTA

**III.    Argument**

Under the National Trails System Act, 16 U S C  1247(d) (Trails Act), and the Board's implementing rules, "if a prospective trial user requests a trail condition and the carrier indicates its willingness to negotiate a trail agreement, the Board's role under the Trails Act is largely

---

[2]See Docket entry dated September 5, 2007, denying the parties cross-motions for summary judgment without prejudice, attached as Exhibit B

ministerial." *See Goos v I C C* . 911 F.2d 1283 (8th Cir. 1990). To invoke the Trails Act, a prospective sponsor need only file a request accompanied by the necessary statement of willingness to assume liability and acknowledgment that interim trail use is subject to possible reinstitution of rail service." *See* 49 C F R 1152 29

Despite the characterization of the Board's role under the Trails Act as "ministerial," the Board's discretion to extend the NITU negotiation period is not without limits  Much like the amendment of pleadings before the federal district courts, the Board should take into consideration of whether there has been "undue delay, bad faith on the part of the movant, or prejudice to the nonmovant as a result of the delay." *See Long v Wilson.* 393 F.3d 390, 400 (3d Cir. 2004)  In determining what constitutes 'prejudice,' the Board should consider whether the continued extension of time would significantly delay the resolution of the dispute or prevent the plaintiff from bringing a timely action in another jurisdiction  *See Block v First Blood Assocs* . 988 F 2d 344, 350 (2d Cir. 1993); *Tokio Marine & Fire Ins Co v Employers Ins of Wausau,* 786 F 2d 101. 103 (2d Cir  1986); *Straus v Douglas Aircraft Co* , 404 F 2d 1152, 1157 (2d Cir 1968).

In this case, the continued extension of time to allow the parties to negotiate a NITU agreement is extremely prejudicial to Petitioner's pending cause of action in the United States District Court  Petitioner represents a class of landowners who have brought suit against the United States under the "Little Tucker Act," 28 U.S C  § 1346(a)(2)  Petitioner claims that through the application of the Trails Act, Petitioner and the Class were deprived of their rights to possession, control, and enjoyment of their land following the cessation of railroad operations  Petitioner has alleged the application of the Trails Act constituted a "taking" of his property for

5

public use without just compensation, in violation of the Fifth Amendment to the Constitution of the United States

The claims asserted by Petitioner, on behalf of himself and the Class of landowners, are Constitutionally recognized and protected claims. In *Presault v United States,* 494 U S. 1, 22 (1990), Justice O'Connor reasoned the operation of the Trails Act by the I.C.C "may delay property owners' enjoyment of their reversionary interests, but that delay burdens and defeats the property interests rather than suspends or defers the vesting of those property rights <u>Any other conclusion would convert the ICC's power to pre-empt conflicting state regulation of interstate commerce into the power to pre-empt the rights guaranteed by state property law, a result incompatible with the Fifth Amendment</u> " *Id* (emphasis added)

The final disposition of the administrative action pending before the Board is necessary in order for the District Court to determine the merits of Petitioner's takings claim In a hearing on the parties cross-motions for summary judgment, Judge Sean McLaughlin expressed great frustration that, in almost four years, no final trail use agreement had been reached and that the lack of finality in the proceedings before this Board prevented the District Court from ruling on the cross-motions for summary judgment

If no trail use agreement is reached, then the rail line at issue before the Board would be deemed abandoned In that event, Petitioner would proceed in state court in Pennsylvania to quiet title If a trail use agreement is reached, then Petitioner would be able to continue litigating his suit against the United States for a taking before the District Court

On the other hand, if the Board grants an additional extension to negotiate a NITU agreement, Petitioner will continue in legal limbo The grant of an additional extension will

6

continue to prejudice Petitioner's interest, by continuing the intolerable delay in prosecuting his, and the Class's, takings claim in District Court

   The Board should deny the motion for extension of time to reach a NITU agreement

        Respectfully submitted,

        David A Cohen
        THE CULLEN LAW FIRM, PLLC
        1101 30th Street, N W., Suite 300
        Washington, D C. 20007
        (202) 944-8600

        Attorneys for Robert Troha and the Class Certified
        by the United States District Court

7

## CERTIFICATE OF SERVICE

This is to certify that on this the 5th day of March, 2008, I have served true and accurate copies of the foregoing Petition to Intervene and Motion Opposing any Extension of Time to Negotiate the NITU Agreement upon all parties of record, by first class mail, postage prepaid, as follows.

Eric M. Hocky
THORP REED & ARMSTONG, LLP
One Commerce Square
Suite 1910
2005 Market Street
Philadelphia, PA 19103
(Counsel for Allegheny and Eastern Railroad, Inc )

Thomas G. Wagner
MEYER & WAGNER
115 Lafayette St.
St Mary's. PA 15857
(Counsel for West Creek Recreational Trail Association, Inc.)


David A Cohen

8

# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT TROHA, FREDERICK BIGNALL,  )
on behalf of themselves  )
and all others similarly situated,  )
  )
  )
  )                    Complaint - Class Action
                    Plaintiffs,  )            Case No.  05-191 E
vs  )
THE UNITED STATES OF AMERICA,  )
  )
                    Defendant.  )

### CLASS ACTION COMPLAINT

Plaintiffs Robert Troha and Frederick Bignall (hereinafter "Named Plaintiffs"), on behalf

of themselves and all others similarly situated, for their cause of action against the Defendant,

the United States of America, states as follows:

#### Jurisdiction and Venue

1.      This Court has jurisdiction over the cause of action in this case under 28 U S C §

1346(a)(2)

2.      Venue is proper under 28 U.S.C. § 1402(a)(1)

#### Parties

3.      Plaintiff Robert Troha is a citizen of the Commonwealth of Pennsylvania and

resides in Elk County, Pennsylvania.

4.      Plaintiff Frederick Bignall is a citizen of the Commonwealth of Pennsylvania and

resides in Cameron County, Pennsylvania

#### Factual Allegations

5.      The Philadelphia and Erie Railroad Company commenced construction of a

railroad through Elk and Cameron Counties, Pennsylvania, in the 1860's

6      At the same time the Philadelphia and Erie Railroad Company was constructing

its rail line, the railroad was also engaged in obtaining deeds from landowners who had title to the railroad corridor by virtue of occupancy or homesteading

7.    In 1903 the Philadelphia and Erie Railroad Company became part of the Pennsylvania Railroad Company.  After the merger between the Pennsylvania Railroad Company and the New York Central Railway, the railroad was operated by the Penn Central Railroad Company.

8.    Upon Penn Central Railroad's reorganization in 1976, the railroad conveyed its interest in the rail corridor to Consolidated Rail Corporation.

9.    Consolidated Rail Corporation conveyed its interest in the rail corridor to the Allegheny Railroad Company in 1985  The Allegheny Railroad Company conveyed its interest in the rail corridor to Allegheny and Eastern Railroad, Inc. ("Allegheny and Eastern") in 1992.

10.    On September 11, 2003, Allegheny and Eastern filed an Notice for Exemption of Abandonment with the Surface Transportation Board ("STB") to abandon its rail line between a point north of St. Marys in Elk County (milepost 131 and a point in the southeastern corner of Emporium in Cameron County (milepost 149 9), Pennsylvania, a distance of approximately 18 miles

11.    In its Application of Abandonment, Allegheny and Eastern stated that the revenue generated by the traffic on the rail line was not adequate to cover the costs of maintaining and operating the line

12    Elk and Cameron Counties, Pennsylvania filed a petitions with the STB requesting that a notice of interim trail use be issued and submitted a statement of willingness to assume financial responsibility for interim trail use pursuant to the National Trails System Act, 16 U S.C  1247(d)

13    By decision served October 30, 2003, the STB issued a Notice of Interim Trail

2

Use (NITU), authorizing a 180-day period for Cameron and Elk Counties to negotiate an interim trail use agreement with Allegheny and Eastern.

14.    At the request of Elk and Cameron Counties, and with Allegheny and Eastern's consent, the negotiation period was subsequently extended by decisions of the STB to October 20, 2005.

15.    The Named Plaintiffs are the owners of interests in land adjoining or constituting part of a railroad corridor on which the above-named railroad companies had a right to operate a railroad, and which corridor is now or has been occupied or controlled for trail use by reason the NITU issued by the Surface Transportation Board pursuant to the National Trails System Act, 16 U.S.C. § 1241 et seq

16.    The issuance and implementation of the NITU in relation to the property of the Named Plaintiffs deprived the Named Plaintiffs of their rights to possession, control and enjoyment of their land following the cessation of railroad operations and constitutes a taking of the Named Plaintiffs' property for public use without just compensation, for which the Fifth Amendment to the United States Constitution requires that just compensation be paid.

17.    By reason of the issuance and implementation of the aforesaid NITU, the Named Plaintiffs have been damaged in the amount of $10,000 or less.

<u>Class Action Allegations</u>

18.    The Named Plaintiffs bring this action as the Representatives of a Class consisting of all persons who own an interest in land adjoining or constituting part of the railroad corridor formerly operated by Allegheny and Eastern Railroad, Inc. from a point north of St. Marys in Elk County (milepost 131 and a point in the southeastern corner of Emporium in Cameron County (milepost 149 9), Pennsylvania, a distance of approximately 18.9 miles, that is now occupied and controlled for trail use,  pursuant to the National Trails System Act, 16 U S C.

3

§ 1247(d), and who have claims in the amount of $ 10,000 or less for being deprived of their rights to possession, control, and enjoyment of their land as a result of the NITU, or who waive claims exceeding $10,000 for such damages. Excluded from this Class are railroad companies and their successors in interest; persons who have filed, intervened, or choose to intervene or opt into separate lawsuits against the United States pursuant to 28 U.S.C. § 1346(a)(2) for compensation for the same interests in land, and persons who are judges and justices of any court in which this action may be adjudicated or to which it may be appealed.

19.    This action is brought by the Named Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Rules 23(a) and (b) of the Federal Rules of Civil Procedure.

20    The Named Plaintiffs may bring this action as a representative of the Plaintiff Class for the following reasons:

(a)    The requirements of Fed  R. Civ  Proc. 23(a)(1) are met because the Class, which is believed to exceed 300 members, is so numerous that joinder of all members is impracticable;

(b)    The requirements of Fed  R. Civ  Proc  23(a)(2) are met because questions of law and fact exist that are common to the Class as further set out in paragraphs 21 and 22 below;

(c)    The requirements of Fed. R  Civ. Proc. 23(a)(3) are met because the claims of the Named Plaintiffs are typical of the claims of the Class,

(d)    The requirements of Fed  R. Civ.  Proc  23(a)(4) are met because the Named Plaintiffs will fairly and adequately protect the interests of the Class as further set out in paragraphs 23 and 24 below, and

(e)    The requirements of Fed. R  Civ.  Proc  23(b)(3) are met because the questions of

4

law or fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Common questions of fact exist and predominate over questions of fact affecting only individual members of the Class. Such common questions include:

(a)    whether the NITU issued by the Surface Transportation Board, for the acquisition, management and use of the railroad corridor for interim trail users resulted in the loss of Class members' rights to the full possession of their land, and

(b)    whether the NITU issued by the Surface Transportation Board, deprived owners of land or interests in land of full possession, control, and enjoyment of the land that is subject to the NITU.

22    Common questions of law exist and predominate over questions of law affecting only individual members of the Class. Such common questions include·

(a)    where the railroad obtained a right-of-way by deed, conveyance, or adverse possession, whether under the laws of the Commonwealth of Pennsylvania the railroad obtained an interest in fee simple or an easement in the parcels constituting the rights-of-way subject to the NITU, and

(b)    where the railroad only obtained an easement and Class members have a valid property interest in the rights-of-way, whether the making of Trail Use Orders pursuant to the Rails-to-Trails Act, 16 U.S C § 1241 et seq., which deprives Class Members of possession, control, and enjoyment of their land, amounts to or involves a taking of Class members' property by authority of the United States for public use without just compensation.

23.    The Named Plaintiffs have no interests adverse to the interests of the Class

24. Counsel retained by the Named Plaintiffs and the Class are experienced in handling class actions concerning railroad right-of-way ownership issues and is experienced in the law and procedures of the Surface Transportation Board, and the National Trails System Act, as well as other complex commercial and financial litigation, and will fairly and adequately represent the interests of all Class Members.

WHEREFORE, Named Plaintiffs on their own behalf and on behalf of all Class Members pray:

(1)  for judgment against the United States limited to $10,000 per claimant;

(2)  for interest at the lawful rate from the date of the taking of an interest in the property of Named Plaintiffs and Class Members until the judgment is paid;

(3)  for recovery of costs and attorneys' fees;

(4)  for such other and further relief as the Court deems proper.

Respectfully submitted,

DAVID A. COHEN
PA Bar I D  No. 54342

THE CULLEN LAW FIRM
1101 30th Street, N.W., Suite 300
Washington, D.C. 20007
(202) 944-8600

Dated: June 17, 2005

6

# Exhibit B

# U.S. District Court
## Western District of Pennsylvania (Erie)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00191-SJM

TROHA, et al v UNITED STATES
Assigned to: Judge Sean J McLaughlin
Demand· $0
Cause  28 1346 Recovery of IRS Tax

Date Filed. 06/20/2005
Jury Demand None
Nature of Suit  890 Other Statutory Actions
Jurisdiction  U S  Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 06/20/2005 | 1 | COMPLAINT Filing Fee $ 250 00 Receipt # 4180 (mad) (Entered  06/21/2005) |
| 06/22/2005 | 2 | ORDER OF RECUSAL that the undersigned recuses from this case and the Clerk is directed to reassign this case appropriately ( signed by Judge Maurice B  Cohill Jr  on 6/22/05 ) CM all parties of record  (mad) (Entered  06/23/2005) |
| 06/22/2005 |  | CASE reassigned to Judge Sean J  McLaughlin (mad) (Entered. 06/23/2005) |
| 08/01/2005 | 3 | NOTICE of Appearance by Kristine S  Tardiff on behalf of THE UNITED STATES OF AMERICA (nk) (Entered  08/01/2005) |
| 08/01/2005 | 4 | SUMMONS/Return of Service Returned Executed by ROBERT TROHA, FREDERICK BIGNALL. THE UNITED STATES OF AMERICA served on 7/7/2005, answer due 9/6/2005. (nk) (Entered  08/01/2005) |
| 08/01/2005 | 5 | SUMMONS/Return of Service Returned Executed on United States Attorney on 7/7/05 answer due by 9/6/05 by ROBERT TROHA, FREDERICK BIGNALL  (nk) (Entered 08/01/2005) |
| 08/25/2005 | 6 | ANSWER to Complaint by THE UNITED STATES OF AMERICA (Tardiff, Kristine) (Entered· 08/25/2005) |
| 08/29/2005 | 7 | ORDER  Parties to conduct Rule 26(f) meeting on or before 9/8/2005, Rule 26(f) discover plan to be filed on or before 10/11/2005, Case Management Conference set for 10/14/2005 at 8 30 a m  in Room A-250 in Erie PA. Signed by Judge Sean J  McLaughlin on 8/29/2005. (rlh) (Entered. 08/29/2005) |
| 09/19/2005 | 8 | MOTION to allow counsel to participate in case management conference by telephone re 7 Order., Set Scheduling Order Deadlines. by THE UNITED STATES OF AMERICA (Attachments  # 1 Proposed Order)(Tardiff, Kristine) (Entered  09/19/2005) |
| 09/19/2005 | 9 | ORDER granting 8 Motion to allow participation by telephone. Signed by Judge Sean J McLaughlin on 9/19/2005  (rlh) (Entered. 09/19/2005) |
| 09/22/2005 | 10 | PROPOSED DISCOVERY PLAN pursuant to Rule 26(f) by ROBERT TROHA, FREDERICK BIGNALL, THE UNITED STATES OF AMERICA.(Cohen, David) (Entered  09/22/2005) |
| 10/14/2005 | 11 | Minute Entry for proceedings held before Judge Sean J  McLaughlin  Case Management Conference held on 10/14/2005. (Court Reporter Ron Bench ) (nk) (Entered. 10/14/2005) |
| 10/14/2005 | 12 | CASE MANAGEMENT ORDER: Amended Pleadings due by 12/15/2005  Discovery due by 1/17/2005 Plaintiff Pretrial Statement due by 3/20/2006  Defendant Pretrial Statement due by 4/10/2006  Motions due by 3/20/2006. Response to Motion due by 4/10/2006. Signed by Judge Sean J. McLaughlin on 10/14/05  (nk) (Entered· 10/14/2005) |
| 12/28/2005 | 13 | Joint MOTION for Extension of Time to Complete Discovery by ROBERT TROHA, |

| | | |
|---|---|---|
| | | FREDERICK BIGNALL, THE UNITED STATES OF AMERICA (Attachments: # 1 Proposed Order)(Cohen, David) (Entered 12/28/2005) |
| 12/28/2005 | 14 | ORDER granting 13 Motion for Extension of Time to Complete Discovery. Motion for class certification or stipulation re class certification due by 2/20/2006, Amended Pleadings due by 3/17/2006; Discovery due by 3/17/2006, Joinder of Parties due by 3/17/2006; Plaintiffs' Pretrial Statement due by 5/19/2006; Defendant's Pretrial Statement due by 6/9/2006, Summary Judgments due by 5/19/2006; Responses to Summary Judgments due by 6/9/2006. Signed by Judge Sean J McLaughlin on 12/28/2005 (rlh) (Entered 12/28/2005) |
| 02/20/2006 | 15 | STIPULATION re 14 Order on Motion for Extension of Time to Complete Discovery,, *Joint Proposal for Class Certification* by ROBERT TROHA, FREDERICK BIGNALL, THE UNITED STATES OF AMERICA. (Attachments: # 1 Proposed Order Regarding Class Certification)(Tardiff, Kristine) (Entered 02/20/2006) |
| 02/21/2006 | 16 | ORDER GRANTING re 15 Stipulation, filed by THE UNITED STATES OF AMERICA, ROBERT TROHA, FREDERICK BIGNALL, Signed by Judge Sean J McLaughlin on 2/21/06 (nk) (Entered 02/21/2006) |
| 04/25/2006 | 17 | Joint MOTION for Approval of Class Notice Plan and Form of Notice of Pending Class Action *MOTION for Approval of Class Notice Plan and Form of Notice of Pending Class Action* by ROBERT TROHA, FREDERICK BIGNALL, THE UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Proposed Notice by Mail# 2 Exhibit Proposed Notice by Publication# 3 Proposed Order Proposed Order granting motion)(Cohen, David) (Entered 04/25/2006) |
| 04/27/2006 | 18 | ORDER granting 17 Joint Motion for Approval of Class Notice Plan and Form of Notice of Pending Class Action. Signed by Judge Sean J McLaughlin on 4/27/06 (nk) (Entered 04/27/2006) |
| 04/27/2006 | 19 | NOTICE OF PENDING CLASS ACTION LAWSUIT (nk) (Entered 04/27/2006) |
| 04/28/2006 | 20 | Joint MOTION to Extend Certain Filing Deadlines by THE UNITED STATES OF AMERICA (Attachments: # 1 Proposed Order)(Tardiff, Kristine) Modified on 5/1/2006 to edit document title (dm) (Entered: 04/28/2006) |
| 05/01/2006 | 21 | ORDER granting 20 Motion to Extend Time for deadlines, Plaintiffs shall identify and join at least one representative plaintiff for each subclasses by 6/30/06, Summary Judgment due by 9/19/2006 Response to Summary Judgment due by 10/17/2006 The deadlines for the filing of the parties' pretrial narratives shall be stayed pending resolution of the parties' dispositive motions. Signed by Judge Sean J McLaughlin on 4/28/06 (nk) (Entered 05/01/2006) |
| 09/15/2006 | 22 | Unopposed MOTION to Extend Time for Identifying and Joining Subclass Representatives and Filing Dispositive Motions by ROBERT TROHA (Cohen, David) (Entered 09/15/2006) |
| 09/18/2006 | | TEXT ORDER granting 22 Motion to Extend Time Joinder of Parties due by 10/13/2006 Plaintiff's Dispositive Motions due by 11/23/2006 Response to Motion due by 12/22/2006 Signed by Judge Sean J McLaughlin on 9/18/06.Text-only entry; no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter (nk) (Entered 09/18/2006) |
| 11/21/2006 | 23 | Joint MOTION to Extend Time forFiling Cross Motions For Partial Summary Judgment on Liability by ROBERT TROHA, FREDERICK BIGNALL. (Attachments. # 1 Proposed Order)(Cohen, David) (Entered: 11/21/2006) |
| 11/27/2006 | 24 | ORDER granting 23 Motion to Extend Time for pretrial deadlines, Plaintiff'sDispositive |

| | | |
|---|---|---|
| | | Motions due by 12/8/2006. Defendant's Response to Motions and Cross Motions due by 1/12/2007 Plaintiff's Replies due by 2/9/2007, Defendant's Replies due 2/23/07 Signed by Judge Sean J. McLaughlin on 11/27/06  (nk) (Entered: 11/27/2006) |
| 12/08/2006 | 25 | MOTION for Summary Judgment *on Liability* by ROBERT TROHA, FREDERICK BIGNALL. (Attachments # 1 Memorandum in Support)(Cohen, David) (Entered 12/08/2006) |
| 12/08/2006 | 26 | Joint STATEMENT OF FACTS re 25 Motion for Summary Judgment by ROBERT TROHA, FREDERICK BIGNALL.. (Cohen, David) Modified on 12/8/2006 to edit title of document (dm). (Entered  12/08/2006) |
| 12/08/2006 | 27 | JOINT Appendix to 25 Motion for Summary Judgment by ROBERT TROHA, FREDERICK BIGNALL. (Attachments  # 1 Exhibit 1# 2 Exhibit 2 (Title Stipulations)# 3 Exhibit 3 (Conveyance Categories Stipulations)# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18) (Cohen, David) (Entered  12/08/2006) |
| 12/08/2006 | | BRIEF in Support re 25 MOTION for Summary Judgment *on Liability* filed by ROBERT TROHA, FREDERICK BIGNALL. No document attached; filed at 25 (dm) (Entered. 12/11/2006) |
| 12/11/2006 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE. re 25 MOTION for Summary Judgment *on Liability* ERROR· Document should have been filed as two separate documents  CORRECTION  Attorney advised in future that documents of that nature are to be filed as separate documents  Clerk of Court docketed Brief in Support  This message is for informational purposes only  (dm) (Entered  12/11/2006) |
| 01/09/2007 | 28 | STIPULATION *Regarding Title Matters (Second)* by THE UNITED STATES OF AMERICA  (Tardiff, Kristine) (Entered  01/09/2007) |
| 01/09/2007 | 29 | Unopposed MOTION for Extension of Time to File Response/Reply as to 25 MOTION for Summary Judgment *on Liability* by THE UNITED STATES OF AMERICA. (Attachments # 1 Proposed Order)(Tardiff, Kristine) (Entered· 01/09/2007) |
| 01/09/2007 | 30 | ORDER granting 29 Motion for Extension of Time to File Response/Reply re 25 MOTION for Summary Judgment on Liability, Responses due by 1/19/2007 Signed by Judge Sean J  McLaughlin on 1/9/07  (nk) (Entered: 01/09/2007) |
| 01/17/2007 | 31 | Unopposed MOTION for Leave to File Excess Pages *for Summary Judgment Brief* by THE UNITED STATES OF AMERICA  (Attachments. # 1 Proposed Order)(Tardiff, Kristine) (Entered. 01/17/2007) |
| 01/17/2007 | 32 | ORDER granting 31 Motion for Leave to File Excess Pages  Signed by Judge Sean J  McLaughlin on 1/17/07. (nk) (Entered  01/17/2007) |
| 01/18/2007 | 33 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Partial Summary Judgment* by THE UNITED STATES OF AMERICA  (Tardiff, Kristine) (Entered  01/18/2007) |
| 01/18/2007 | 34 | BRIEF in Support re 33 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Partial Summary Judgment* filed by THE UNITED STATES OF AMERICA  (Tardiff, Kristine) (Entered  01/18/2007) |
| 01/18/2007 | 35 | Appendix to 34 Brief in Support of Motion. 33 Motion for Summary Judgment by THE UNITED STATES OF AMERICA  (Attachments # 1 Exhibit 1 - 3# 2 Exhibit 4 - 8) (Tardiff, Kristine) (Entered  01/18/2007) |
| 01/19/2007 | 36 | MOTION for Leave to File Amicus Curiae Brief in Support of Defendant United States |

| | | |
|---|---|---|
| | | of America's Motion For Summary Judgment by RAILS-TO-TRAILS CONSERVANCY (Attachments # 1 Proposed Order # 2 Exhibit Amicus Brief)(Semins, William) (Entered 01/19/2007) |
| 01/22/2007 | 37 | ORDER granting 36 Motion for Leave to File Amicus Curiae brief Signed by Judge Sean J McLaughlin on 1/22/07 (nk) (Entered 01/22/2007) |
| 01/25/2007 | | NOTICE of Oral Argument on Motion 25 MOTION for Summary Judgment on Liability, 33 Cross MOTION for Summary Judgment and Opposition to Plaintiffs' Motion for Partial Summary Judgment: Oral Argument set for 3/15/2007 at 1 30 PM in Courtroom C before Judge Sean J McLaughlin Text-only entry; no PDF document will issue This text-only entry constitutes the Courts order or notice on the matter (nk) (Entered. 01/25/2007) |
| 02/07/2007 | 38 | Unopposed MOTION for Extension of Time to File Response/Reply as to 34 Brief in Support of Motion, 33 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Partial Summary Judgment* by ROBERT TROHA, FREDERICK BIGNALL (Attachments # 1 Proposed Order)(Cohen, David) (Entered 02/07/2007) |
| 02/09/2007 | 39 | BRIEF in Opposition re 33 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Partial Summary Judgment* filed by ROBERT TROHA, FREDERICK BIGNALL. (Attachments: # 1 Exhibit 19# 2 Exhibit 20# 3 Exhibit 21) (Cohen, David) (Entered 02/09/2007) |
| 02/09/2007 | | REPLY BRIEF by ROBERT TROHA, FREDERICK BIGNALL re 25 Motion for Summary Judgment filed by ROBERT TROHA, FREDERICK BIGNALL. No document attached, filed at 39 (dm) (Entered. 02/12/2007) |
| 02/21/2007 | 40 | MOTION For Leave to Participate in Oral Argument as Amicus Curiae in Support of Defendant United States of America's Motion for Summary Judgment by RAILS-TO-TRAILS CONSERVANCY (Attachments # 1 Proposed Order)(Semins, William) (Entered 02/21/2007) |
| 02/21/2007 | 41 | BRIEF in Opposition re 40 MOTION For Leave to Participate in Oral Argument as Amicus Curiae in Support of Defendant United States of America's Motion for Summary Judgment filed by ROBERT TROHA (Cohen, David) (Entered 02/21/2007) |
| 02/21/2007 | | ORDER Response re 41 Brief in Opposition to Motion, Defendants Response due on or before 3/2/2007 Text-only entry; no PDF document will issue This text-only entry constitutes the Court's order or notice on the matter. Signed by Judge Sean J McLaughlin on 2/21/07. (nk) (Entered. 02/21/2007) |
| 02/23/2007 | 42 | REPLY BRIEF by THE UNITED STATES OF AMERICA re 39 Brief in Opposition to Motion, filed by THE UNITED STATES OF AMERICA. (Attachments # 1 Exhibit 9) (Tardiff, Kristine) (Entered 02/23/2007) |
| 03/02/2007 | 43 | REPLY BRIEF by RAILS-TO-TRAILS CONSERVANCY re 41 Brief in Opposition to Motion *For Leave to Participate in Oral Argument* filed by RAILS-TO-TRAILS CONSERVANCY. (Semins, William) (Entered 03/02/2007) |
| 03/05/2007 | 44 | ORDER granting 40 Motion for Leave to participate in Oral Argument as Amicus Curiae Signed by Judge Sean J McLaughlin on 3/5/07 (nk) (Entered· 03/05/2007) |
| 03/07/2007 | 45 | MOTION for attorney Andrea C Ferster to Appear Pro Hac Vice by RAILS-TO-TRAILS CONSERVANCY. (Attachments # 1 Proposed Order)(Semins, William) (Entered 03/07/2007) |
| 03/08/2007 | 46 | Pro Hac Vice Fees received in the amount $ 40.00 receipt # 07-217 re 45 Motion to Appear Pro Hac Vice (dm) (Entered 03/08/2007) |
| | | |

| | | |
|---|---|---|
| 03/09/2007 | 47 | ORDER granting 45 Motion to Appear Pro Hac Vice  Signed by Judge Sean J McLaughlin on 3/9/07. (nk) (Entered: 03/09/2007) |
| 03/15/2007 | | Minute Entry for proceedings held before Judge Sean J McLaughlin : Motion Hearing held on 3/15/2007 re 25 MOTION for Summary Judgment *on Liability* filed by ROBERT TROHA,, FREDERICK BIGNALL., 33 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Partial Summary Judgment* filed by THE UNITED STATES OF AMERICA,. 38 Unopposed MOTION for Extension of Time to File Response/Reply as to 34 Brief in Support of Motion, 33 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Partial Summary Judgment* filed by ROBERT TROHA., FREDERICK BIGNALL, Motions UNDER ADVISEMENT, telephonic Status Conference to be held approx  60 days from today  Text-only entry, no PDF document will issue  This text-only entry constitutes the Court's order or notice on the matter (Court Reporter Janis Ferguson.) (nk) (Entered. 03/15/2007) |
| 03/15/2007 | | NOTICE OF TELEPHONIC Status Conference set for 5/17/2007 at 1 30 PM before Judge Sean J  McLaughlin  Attorney Cohen will initiate the call, with all counsel on the line and call the conference line at 814-464-9615  Text-only entry; no PDF document will issue  This text-only entry constitutes the Court's order or notice on the matter (nk) (Entered  03/15/2007) |
| 05/17/2007 | 48 | TRANSCRIPT of Motions Hearing held on March 15, 2007 before Judge Sean J McLaughlin  Court Reporter Janis L. Ferguson  The parties have five (5) business days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed. the transcript may be made remotely, electronically available to the public without redaction  Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court or the court reporter/transcriber. Notice of Intent for Redaction of Personal Data Identifiers due by 6/1/2007. (dm) (Entered 05/17/2007) |
| 05/17/2007 | | Minute Entry for proceedings held before Judge Sean J McLaughlin  Status Conference held on 5/17/2007  Text-only entry, no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter  (Court Reporter Ron Bench ) (nk) (Entered  05/17/2007) |
| 05/21/2007 | | TEXT Minute Entry for proceedings held before Judge Sean J  McLaughlin  Telephonic Status Conference held on 5/21/2007 with Attorney Wagner and Attorney Hockey. This text-only entry constitutes the Court's Order or Notice on this matter (Court Reporter Ron Bench ) (nk) Modified on 5/22/2007 (dm). (Entered. 05/21/2007) |
| 06/28/2007 | 49 | NOTICE by THE UNITED STATES OF AMERICA re 25 MOTION for Summary Judgment *on Liability*, 33 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Partial Summary Judgment - Notice of Supplemental Authority re Decision in Moody v  Allegheny Valley Land Trust (Pa  Super  June 25, 2007)* (Attachments # 1 Exhibit Moody v. AVLT Decision)( Tardiff, Kristine) (Entered 06/28/2007) |
| 09/05/2007 | | Minute Entry for proceedings held before Judge Sean J  McLaughlin  Motion Hearing held on 9/5/2007 re 25 MOTION for Summary Judgment on Liability filed by FREDERICK BIGNALL, ROBERT TROHA, 33 Cross MOTION for Summary Judgment and Opposition to Plaintiffs' Motion for Partial Summary Judgment filed by THE UNITED STATES OF AMERICA  Both the Motion and Cross Motions are DENIED without prejudice for reasons set forth on the record  Text-only entry, no PDF document will issue. This text-only entry constitutes the Court's order or notice on the matter  (Court Reporter Ron Bench ) (nk) (Entered  09/05/2007) |
| 09/10/2007 | | ORDER re 48 Transcript, ORDERED that the parties shall split the cost of the Transcript of hearing held on 3/15/07, Text-only entry, no PDF document will issue  This text-only |

entry constitutes the Court's order or notice on the matter  Signed by Judge Sean J
McLaughlin on 9/10/07. (nk) (Entered  09/10/2007)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/04/2008 17 08 53 | | | |
| **PACER Login:** | co0099 | **Client Code:** | 1037 100 |
| **Description:** | Docket Report | **Search Criteria:** | 1 05-cv-00191-SJM Start date 1/1/2005 End date  3/4/2008 |
| **Billable Pages:** | 5 | **Cost:** | 0 40 |