# EXHIBIT A

38862          SERVICE DATE – LATE RELEASE MARCH 7, 2008
DO

SURFACE TRANSPORTATION BOARD

DECISION

STB Docket No. AB-854X

ALLEGHENY AND EASTERN RAILROAD, INC.—ABANDONMENT EXEMPTION—IN ELK AND CAMERON COUNTIES, PA

Decided:  March 7, 2008

  Allegheny & Eastern Railroad, Inc. (A&E),[1] filed a notice of exemption under 49 CFR 1152 Subpart F—Exempt Abandonments to abandon an 18.9-mile line of railroad extending between milepost 131, near St. Marys, in Elk County, and milepost 149.9, southeast of Emporium, in Cameron County, PA.  Notice of the exemption was served and published in the Federal Register on September 30, 2003 (68 FR 56377-78).  By decision and notice of interim trail use or abandonment (NITU) served October 30, 2003 (October 30 decision), the proceeding was reopened and the County of Cameron, in cooperation with the County of Elk, was authorized to negotiate an interim trail use/rail banking agreement with A&E for the right-of-way in this proceeding, pursuant to the National Trails System Act, 16 U.S.C. 1247(d) (Trails Act).[2]  The negotiating period under the NITU was extended by decisions served on April 12, 2004, July 22, 2004, October 25, 2004, April 22, 2005, July 22, 2005, October 21, 2005, April 21, 2006, and October 13, 2006.  By decision and notice of interim trail use or abandonment served on December 29, 2006 (December 29 decision), the proceeding was reopened and a replacement NITU applicable to the West Creek Recreational Trail Association, Inc. (WCRTA), as interim trail user, was issued.[3]  By decisions served on January 12, 2007, April 13, 2007, October 10, 2007, and January 8, 2008, the negotiating period under this NITU was extended, and now is scheduled to expire on March 8, 2008.

  On March 3, 2008, WCRTA filed a request to extend the NITU negotiating period for an additional 90 days, until June 6, 2008.  WCRTA states that, despite several attempts, the parties have not been able to reach an agreement and are not likely to do so by the March 8, 2008

---

  [1] As of January 1, 2004, A&E merged with Buffalo & Pittsburgh Railroad, Inc. (BPRR), with BPRR as the surviving entity.

  [2] The October 30 decision also made the exemption subject to a public use condition, a historic preservation condition, and two environmental conditions.  The public use condition expired on April 28, 2004, and may not be extended.  The section 106 historic preservation condition was removed by decision served on December 1, 2003.  The two environmental conditions remain in effect.

  [3] The December 29 decision also vacated the NITU granted in the October 30 decision.

STB Docket No. AB-854X

deadline. In a response received on March 4, 2008, A&E concurs in the request to extend the negotiating period and adds that it is optimistic that the full extension period will not be required.

On March 5, 2008, a petition to intervene in this proceeding was filed by Robert Troha, on behalf of himself and members of a class of owners of property adjacent to the subject railroad line (collectively, Petitioners). Petitioners simultaneously filed a motion in opposition to any extension of the NITU negotiating period beyond the March 8, 2008 deadline. In a class action lawsuit against the United States pending in the U.S. District Court for the Western District of Pennsylvania,[4] Petitioners allege that the Surface Transportation Board's (Board) issuance of the NITU deprived them of their rights to possession, control, and enjoyment of their land following the cessation of railroad operations and constituted a taking of petitioners' property for public use without just compensation, for which the 5th Amendment of the United States Constitution requires that just compensation be paid. Petitioners argue that a further extension of the NITU negotiating period would be prejudicial to their suit because the court has deferred any ruling on the merits of their takings claim until a final agreement has been reached between the railroad and the trail's sponsor, WCRTA.

Petitioners' request to intervene in this proceeding will be granted. However, the relief that Petitioners have requested will not be granted. Under the Trails Act, the trail use program is voluntary and consensual between the railroad and the trail user. See Citizens Against Rails to Trails v. STB, 267 F.3d 1144 (D.C. Cir. 2001); Rail Abandonments–Use of Rights-of-Way as Trails, 2 I.C.C.2d 591, 598 (1986). Where, as here, the carrier is willing to continue trail use negotiations, the NITU negotiating period may be extended.[5] A further extension of the negotiating period here will promote the establishment of trail use and rail banking consistent with the Trails Act by providing a defined window of opportunity for reaching a trail use agreement in a case where there is evidence of progress in good faith negotiations between the railroad and the potential trail sponsor.[6] Accordingly, the NITU negotiating period will be extended from March 8, 2008, to June 6, 2008. Given the time that has elapsed since abandonment was authorized, however, the parties are again urged to conclude their negotiations so that further extensions will not be necessary.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

---

[4] Troha et al. v. United States, No. 05-191E (W.D. Pa. filed June 20, 2005).

[5] See Rail Abandonments—Supplemental Trails Act Procedures, 4 I.C.C.2d 152, 157-58 (1987).

[6] Birt v. STB, 90 F.3d 580, 589 (D.C. Cir. 1996).

STB Docket No. AB-854X

<u>It is ordered</u>:

1. Petitioners' request to intervene is granted.

2. Petitioners' motion in opposition to an extension of the NITU negotiating period is denied.

3. WCRTA's request to extend the NITU negotiating period is granted.

4. The negotiating period under the NITU is extended for 90 days, until June 6, 2008.

5. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.

Anne K. Quinlan
Acting Secretary